■ AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Respondent-Appellant, v CNA REINSURANCE COMPANY et al., Appellants-Respondents. [791 NYS2d 525]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered April 22, 2004, which denied the parties' respective motions for summary judgment, unanimously modified, on the law, to the extent of granting plaintiff's motion for summary judgment, declaring that plaintiff is entitled to reimbursement for Linden Plaza Housing Co., Inc.'s share of the amount paid in settlement of the underlying personal injury action and the defense costs, and otherwise affirmed, with costs in favor of plaintiff payable by CNA Reinsurance Company, and the matter remanded for further proceedings.

Defendant Linden Plaza Housing was the landlord of a building in which a tenant was allegedly shot by intruders. Linden had a security guard contract which required that the security guard company procure a liability policy naming Linden as an additional insured, which it did. The blanket additional insured endorsement covered Linden "only with respect to acts or omissions of the Named Insured in connection with the Named Insured's security or investigative operations on behalf of said additional insured." The tenant brought a personal injury action against Linden and its security guard company, alleging both negligent maintenance of the building's lighting and door locks and negligent supervision and conduct of the security guards. Contrary to the understanding of the motion court, we find that, under well-settled canons of interpretation (*see Greenfield v Philles Records, Inc.*, 98 NY2d 562, 569 [2002]; *Greater N.Y. Mut. Ins. Co. v Mutual Mar. Off., Inc.*, 3 AD3d 44, 50 [2003]), the additional insured endorsement covering Linden under its security guard company's policy unambiguously provided Linden with coverage only for injuries arising from security guard negligence. That one of the parties may have interpreted the provision differently does not make it ambiguous (*see Atlantic Mut. Ins. Co. v Terk Tech. Corp.*, 309 AD2d 22, 28 [2003]). Notably, when Linden tendered the defense of the personal injury action, plaintiff accepted with a reservation of rights reflecting the above understanding of its coverage obligation, and Linden neither objected nor requested separate counsel for its defense in the underlying action. Defendants' claim that plaintiff should be estopped from seeking reimbursement of the amount of the personal injury postverdict settlement and defense costs attributable to the finding of liability against Linden is belied by the facts. While the issue of the possible conflict of interest based on the joint representation that plaintiff had obtained for Linden and the security guard company came to a head on the eve of trial in May 2002,

defendants had long been on notice, based on communications in March 1999 and May 2000 and, undoubtedly, during the course of discovery, that there would be joint representation.

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Ellerin, Gonzalez and Catterson, JJ.