■ ACTIVE MEDIA SERVICES, INC., Appellant, v GRANT
PRIDECO, INC., Respondent. [826 NYS2d 889]——

Judgment, Supreme Court, New York County (Karla Moskow-
itz, J.), entered March 8, 2006, dismissing the complaint and
awarding defendant the principal amount of $3,250,000 on its
first counterclaim, unanimously affirmed, with costs. Appeal
from order, same court and Justice, entered on or about Febru-
ary 23, 2006, which granted defendant summary judgment,
unanimously dismissed, without costs, as subsumed within the
appeal from the ensuing judgment.

In 1998, defendant, a leading manufacturer of oilfield drill
pipe and tubular products, purchased from plaintiff, an
international corporate trader, certain trade credits, the value of
which was insured on a one-dollar-for-one-trade credit basis. A
portion of the purchase price for the credits was financed by
National Westminister Bank (NatWest) partially in exchange for
an assignment of the right to first proceeds of any insurance
recovery so that in the event the credits could not be disposed
of within their three-year term, the insurance carrier would be
required to pay NatWest up to $4.65 million, unless defendant
had defaulted on its minimal contractual obligations. Plaintiff
failed to retire even one trade credit for defendant, and in 2000
it abandoned altogether its account with defendant by firing the
individual who had originated and managed its insured trade
credit division, shutting down his department and terminating
or reassigning all remaining personnel.

When NatWest thereafter sought to collect on the trade credit
insurance coverage, plaintiff prevented any recovery by certify-
ing that defendant was not in compliance with its contractual
obligations. Plaintiff subsequently commenced this action to
obtain a declaration that defendant has no claim against it, and
for recovery of the damages under its claim for breach of
contract. Each side moved for summary judgment, which was
denied on the ground that the question of liability for the failed
trade credit program could not be resolved as a matter of law
based on this record. However, it later became known that an-
other similarly situated trade credit holder in the oil and gas
business, National-Oilwell, had just prevailed against plaintiff
in a Texas arbitration proceeding, after having made claims

virtually indistinguishable from defendant's herein. Defendant also learned that plaintiff had withheld from it several material documents produced in that arbitration. Defendant successfully renewed its summary judgment motion based on this material from the Texas arbitration proceeding.

The doctrine of collateral estoppel precludes a party from relitigating an issue previously decided against it in a proceeding where there was a fair opportunity to be heard on the matter (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). Although plaintiff contends that the Texas arbitration involved wholly unrelated claims, both National-Oilwell and defendant were parties to an agreement whose terms were almost identical, and the claims made by National-Oilwell in Texas were the same as those advanced by defendant herein. The arbitrators found in favor of National-Oilwell after plaintiff had a full and fair opportunity to present its case. Even though they are separate entities, the positions of National-Oilwell and defendant herein, vis-à-vis plaintiff, are largely indistinguishable.

Even if collateral estoppel were unavailable to defendant, the record clearly demonstrates the absence of any triable questions of fact either as to plaintiff's request for declaratory relief or in connection with its cause of action for breach of contract. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.