[866 NE2d 1033, 834 NYS2d 705]

AmBase Corporation, Appellant, v Davis Polk & Wardwell et al., Respondents.

Argued March 21, 2007; decided April 26, 2007

## POINTS OF COUNSEL

*Greenberg & Massarelli, LLP,* Purchase (*William Greenberg* and *Crystal M. Massarelli* of counsel), for appellant. I. The lower court should not have granted Davis Polk & Wardwell's motion to dismiss AmBase Corporation's cause of action for legal malpractice. (*Rovello v Orofino Realty Co.,* 40 NY2d 633; *Foley v D'Agostino,* 21 AD2d 60; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.,* 10 AD3d 267; *Darby & Darby v VSI Intl.,* 95 NY2d 308; *Jacobson v Sassower,* 66 NY2d 991; *Gair v Peck,* 6 NY2d 97, 361 US 374; *VDR Realty Corp. v Mintz,* 167 AD2d 986; *Skinner v Stone, Raskin & Israel,* 724 F2d 264; *Alva v Hurley, Fox, Selig, Caprari & Kelleher,* 156 Misc 2d 550; *Rosner v Paley,* 65 NY2d 736.) II. AmBase Corporation's complaint should not be dismissed on grounds of "equitable estoppel" or "judicial estoppel." (*Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443; *Burrowes v Combs,* 25 AD3d 370; *New York City Health & Hosps. Corp. v St. Barnabas Hosp.,* 10 AD3d 489; *Hart v Carro, Spanbock, Kaster & Cuiffo,* 211 AD2d 617; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.,* 10 AD3d 267.) III. AmBase Corporation's cross motion for partial summary judgment on the issue of liability for legal malpractice should have been granted. (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood,* 170 AD2d 108; *Grago v Robertson,* 49 AD2d 645; *Estate of Gottlieb v Karlsson,* 295 AD2d 158; *Shapiro v Butler,* 273 AD2d 657; *Yiouti Rest. v Sotiriou,* 151 AD2d 744; *Shaughnessy v Baron,* 151 AD2d 561.) IV. AmBase Corporation's cause of action for breach of fiduciary duty should not have been dismissed.

(*Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267; *Darby & Darby v VSI Intl.*, 95 NY2d 308; *Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282; *Thies v Bryan Cave LLP*, 13 Misc 3d 1220[A], 2006 NY Slip Op 51920[U]; *Williams v Sidley Austin Brown & Wood, L.L.P.*, 11 Misc 3d 1064[A], 2006 NY Slip Op 50381[U]; *Reyes v Leuzzi*, 10 Misc 3d 1064[A], 2005 NY Slip Op 52112[U]; *Sonnenschine v Giacomo*, 295 AD2d 287; *Turk v Angel*, 293 AD2d 284; *Edwards v Thorpe*, 876 F Supp 693; *Bukoskey v Walter W. Shuham, CPA, P.C.*, 666 F Supp 181.) V. AmBase Corporation's damages set forth in the complaint are not "speculative." (*Foley v D'Agostino*, 21 AD2d 60; *Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg*, 199 AD2d 45; *InKine Pharm. Co. v Coleman*, 305 AD2d 151; *VDR Realty Corp. v Mintz*, 167 AD2d 986; *Skinner v Stone, Raskin & Israel*, 724 F2d 264; *Wolstencroft v Sassower*, 124 AD2d 582; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 170 AD2d 108.) VI. Assuming arguendo that the amended verified complaint was deficient, the IAS court should have permitted AmBase Corporation leave to replead. (*Cushman & Wakefield v John David, Inc.*, 25 AD2d 133.) VII. The entry of the judgment for money damages in the amount of $1,867,244.15 pursuant to the lower court's order denied AmBase Corporation its rights to procedural due process and was violative of the New York Civil Practice Law and Rules. (*Armstrong v Manzo*, 380 US 545; *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306; *McKinsey & Co. v Olympia & York 245 Park Ave. Co.*, 79 AD2d 557; *Consumers Union of U.S., Inc. v State of New York*, 5 NY3d 327; *Levy v Blue Cross & Blue Shield of Greater N.Y.*, 124 AD2d 900; *Griscti v Mortgage Commn.*, 249 App Div 632; *National Sur. Corp. v Peccichio*, 48 Misc 2d 77.)

*Simpson Thacher & Bartlett LLP*, New York City (*Roy L. Reardon* of counsel), and *Davis Polk & Wardwell* (*Guy Miller Struve, Mario J. Verdolini, Nancy B. Ludmerer, David B. Toscano* and *Elliot Moskowitz* of counsel pro se) for Davis Polk & Wardwell and others, respondents. I. AmBase Corporation cannot maintain this action because it has admitted, in representations to courts and others in sworn testimony, the falsity of the allegations upon which this case rests. (*Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94; *Morgenthow & Latham v Bank of N.Y. Co.*, 305 AD2d 74, 100 NY2d 512; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267; *Bull & Bear Group v Fuller*, 170 AD2d 275, 78 NY2d 1110; *Metzger v*

*Aetna Ins. Co.,* 227 NY 411; *Ford Motor Credit Co. v Colonial Funding Corp.,* 215 AD2d 435; *Kimco of N.Y. v Devon,* 163 AD2d 573; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591; *Davis v Wakelee,* 156 US 680; *Matter of 67 Vestry Tenants Assn. v Raab,* 172 Misc 2d 214.) II. AmBase Corporation has failed to satisfy any of the elements required to sustain a legal malpractice claim. (*Darby & Darby v VSI Intl.,* 95 NY2d 308; *Dimond v Kazmierczuk & McGrath,* 15 AD3d 526, 5 NY3d 715; *Town of N. Hempstead v Winston & Strawn, LLP,* 28 AD3d 746, 7 NY3d 715; *Byrnes v Palmer,* 18 App Div 1, 160 NY 699; *Rosner v Paley,* 65 NY2d 736; *Davis v Klein,* 88 NY2d 1008; *N.A. Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730; *McKenna v Forsyth & Forsyth,* 280 AD2d 79; *McCoy v Feinman,* 99 NY2d 295; *Pellegrino v File,* 291 AD2d 60, 98 NY2d 606.) III. The Appellate Division properly dismissed AmBase Corporation's claim for breach of fiduciary duty. (*Mecca v Shang,* 258 AD2d 569, 95 NY2d 791; *Tyborowski v Cuddeback & Onofry,* 279 AD2d 763; *Tasseff v Nussbaumer & Clarke,* 298 AD2d 877; *Carmel v Lunney,* 70 NY2d 169; *N.A. Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730; *Vooth v McEachen,* 181 NY 28; *Milbank, Tweed, Hadley & McCloy v Boon,* 13 F3d 537; *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389; *Chase Scientific Research v NIA Group,* 96 NY2d 20.) IV. The entry of a money judgment in favor of Davis Polk & Wardwell was proper and AmBase Corporation's due process arguments are meritless. (*St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317; *Hirsch v Lindor Realty Corp.,* 63 NY2d 878; *People v Robinson,* 88 NY2d 1001; *McMillan v State of New York,* 72 NY2d 871; *Matter of Barbara C.,* 64 NY2d 866; *Xiao Yang Chen v Fischer,* 6 NY3d 94; *Matter of Hunter,* 4 NY3d 260; *Podhorecki v Lauer's Furniture Stores,* 201 AD2d 947; *Matter of Entertainment Partners Group v Davis,* 155 Misc 2d 894, 198 AD2d 63; *People v Gruden,* 42 NY2d 214.) V. The courts below did not err in denying AmBase Corporation's cross motion for partial summary judgment. VI. The courts below correctly denied AmBase Corporation's request to file a second amended complaint. (*Probst v Albert Einstein Med. Ctr.,* 82 AD2d 739; *Helene-Harrisson Corp. v Moneyline Networks,* 6 AD3d 151; *Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass,* 301 AD2d 63; *Davis v Klein,* 88 NY2d 1008.)

**OPINION OF THE COURT**

CIPARICK, J.

In this appeal we are asked to determine whether a law firm

that successfully litigated an Internal Revenue Service (IRS) tax dispute nonetheless committed legal malpractice when it failed to question whether an agreement entered into between the client and a related company may have relieved it of the tax liability in dispute. We are also asked to determine whether defendants were properly awarded a money judgment where defendants had not answered or asserted a counterclaim. We conclude that defendants did not commit legal malpractice, and a money judgment was properly awarded to defendants.

I.

In 1985, plaintiff AmBase Corporation became an independent entity when its parent City Investing Company elected to liquidate.[1] In order to ensure payment of its postliquidation liabilities, City Investing transferred substantial assets to City Investing Company Liquidating Trust (City Trust). At the same time, AmBase and its parent company entered into an Assignment and Assumption Agreement (the Agreement) that purportedly required AmBase to assume primary liability for City Investing's federal income taxes, and assume secondary liability as a "backstop" to City Trust for all other liabilities which it was unable to pay.

Shortly thereafter, the IRS determined that City Investing was liable for having failed to withhold 30% of interest payments to a related entity, City Investing Finance N.V. (N.V.), for a period of six years from 1979 through September 1985. In 1991, Lester Mantell, a senior vice-president of AmBase and trustee of City Trust, advised AmBase and the IRS in a Tax Protest that AmBase was liable as N.V.'s agent for the withholding taxes in issue if such liability was ultimately determined to exist. Attempts to settle the tax matter failed and a year later, AmBase retained defendant Davis Polk & Wardwell to resolve this dispute with the IRS.[2]

In May 1995, the IRS issued a notice of deficiency for the tax years 1979 through 1985 for the withholding taxes in the sum of $20,986,609, and in June, Davis Polk filed a petition in United States Tax Court challenging the alleged deficiencies. The mat-

---

1. At the time of the liquidation, AmBase was known as The Home Group, Inc.

2. Plaintiff also individually named as defendants the Davis Polk attorneys assigned to the IRS matter, but we collectively refer to all defendants as Davis Polk.

ter was litigated and in May 2001, the Tax Court rendered a decision in AmBase's favor, rejecting the IRS's claim for the subject withholding taxes (*see AmBase Corp. v Commissioner of Internal Revenue*, TC Memo 2001-122 [2001]). Following this victory on behalf of its client, Davis Polk requested payment of $1,424,104 in outstanding legal fees pursuant to the terms of its retainer agreement.[3] AmBase refused to pay and requested that Davis Polk return previously paid legal fees.

AmBase then commenced this action for legal malpractice alleging that, although it won the tax case, it suffered substantial damages as a result of defendants' failure to advise that it was only secondarily liable for payment of taxes as per the Agreement with its parent. Plaintiff further requested a declaration that it did not owe Davis Polk $1,424,104 in outstanding legal fees. Davis Polk moved to dismiss plaintiff's amended complaint and for a declaration that AmBase was obliged to pay all fees owed as per its retainer agreement plus interest and for "such other and further relief as this Court may deem just and proper." AmBase cross-moved for partial summary judgment on the issue of liability for legal malpractice.

Supreme Court rejected AmBase's assertions, granted Davis Polk's motion to dismiss the complaint and awarded the firm a money judgment of $1,424,104 representing outstanding legal fees plus statutory interest.[4] The court found that Davis Polk was hired to resolve tax issues for liability that AmBase had assumed, and that even if Davis Polk had committed malpractice, AmBase's damages were "entirely speculative." Supreme Court then directed the parties to settle an order, and defendants submitted a proposed order directing the entry of a money judgment. AmBase did not submit a proposed counterorder, nor did it advise the court that the proposed money judgment was improper in the absence of a pleading seeking such a judgment, and it never requested an opportunity to litigate the matter.

The Appellate Division unanimously affirmed, holding that since "[d]efendants successfully represented plaintiff in a tax dispute with the [IRS]," the claim that the dispute could have

---

3.  The retainer agreement provided that if Davis Polk were successful in resolving the tax matter with the IRS, AmBase would pay Davis Polk a "success fee" calculated at 150% of Davis Polk's billed time, subject to a two million dollar cap.

4.  Supreme Court was mistaken when in its decision from the bench it referred to "the counterclaim," as no counterclaim was ever filed. Neither party sought to correct the court.

been "resolved in a more expeditious fashion[ ] was properly dismissed as speculative" (30 AD3d 171, 172 [2006]). The Court further held that "[d]efendants were entitled to a money judgment . . . in light of [plaintiff's] failure, throughout these proceedings, to contest the amount, which was based on calculations consistent with the retainer agreement" (*id.*). We granted leave to appeal, and now affirm.

## II.

We need not answer the question whether a legal malpractice claim is precluded by virtue of a complete victory in an underlying action. What is before us is whether a cause of action for legal malpractice lies under the circumstances of this particular case. We hold it does not. In order to sustain a claim for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff (*see McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]), and that the plaintiff would have succeeded on the merits of the underlying action "but for" the attorney's negligence (*see Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]).

The gravamen of this legal malpractice claim is that defendants failed to advise plaintiff that the Agreement allegedly provided that AmBase was not primarily liable for the subject taxes in the underlying Tax Court proceeding—that primary liability rested with City Trust. Plaintiff claims that defendants were provided with a copy of the Agreement but never fully reviewed the document to determine what effect, if any, it had on the underlying dispute with the IRS, thereby failing to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession. AmBase further asserts that "but for" Davis Polk's negligence, it would not have had to maintain the multi-million dollar loss reserve on its books, creating the appearance that it had a negative net worth, which caused it to lose business opportunities and incur monetary damages.

Defendants dispute AmBase's claim that its liability for the taxes was only secondary. In addition, they assert that they were retained to litigate only whether taxes were due, not to determine who was responsible for such taxes. Defendants further argue that they had not advised AmBase to carry the loss reserve and that AmBase publicly acknowledged that it was

responsible for the withholding taxes at issue since 1985, seven years before Davis Polk was retained.

The retainer agreement states that AmBase has "engaged [Davis Polk] to represent [it] as agent for City Investing to resolve the tax issues currently before" the IRS. The plain language of the retainer agreement indicates that Davis Polk was retained to litigate the amount of tax liability and not to determine whether the tax liability could be allocated to another entity. Thus, the issue whether plaintiff was primarily or secondarily liable for the subject tax liability was outside the scope of its representation. As such, defendants exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession when they focused their efforts on the controversy between AmBase and the IRS—the subject of the retainer agreement—resulting in a most favorable outcome, which was publicly praised by AmBase principals (*see Darby & Darby v VSI Intl.*, 95 NY2d 308, 313 [2000]).

Furthermore, AmBase understood that it was primarily liable for the subject withholding taxes. For approximately seven years prior to Davis Polk's retention in this matter, both AmBase and the IRS took the position—privately and in public filings—that AmBase was responsible for all of the subject tax obligations. AmBase now takes the position that it relied on an erroneous interpretation of the Agreement that equated "federal income taxes" and the subject "withholding taxes" as one and the same. Nevertheless, language in the Agreement suggests that the intent of the parties was for AmBase to assume all of City Investing's tax liability. A contrary interpretation of the Agreement may be possible, but no such interpretation has been given to the language of the Agreement by any court or arbitrator to date and none need be given here. We have observed that "[a] legal malpractice action is unlikely to succeed when the attorney erred because an issue of law was unsettled or debatable" (*Darby*, 95 NY2d at 315 [citation omitted]). A speculative assertion as to which entity was primarily liable for the subject taxes—AmBase or City Trust—cannot support a legal malpractice claim.

Additionally, the record provides no support for plaintiff's assertion that "but for" Davis Polk's failure to advise it that it may not have been primarily liable for the subject taxes, the loss reserve would have been removed earlier and it would not have suffered loss of business opportunities. Indeed, the loss reserve had been in place for years before Davis Polk was even

retained. After Davis Polk reviewed the case, it promptly informed AmBase's accountants of its belief that AmBase had a very strong case and that it was probable that it had no liability for the subject taxes. Davis Polk reiterated this opinion to Am-Base's board of directors as well. Despite this advice, AmBase and its accountants continued to maintain the loss reserve. Thus, AmBase has also failed to produce any evidence that Davis Polk's lack of advice was the "but for" cause of the loss reserve remaining on AmBase's financial statements.

In this matter, there is no way to know whether the advice not given—that AmBase may have been only secondarily as opposed to primarily liable for the subject taxes—"would have altered the [duration] of the [underlying] action" (*N.A. Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine*, 45 NY2d 730, 732 [1978]; *see also Carmel v Lunney*, 70 NY2d 169, 173 [1987]). Therefore, any effect of such lack of advice is purely speculative and cannot support a legal malpractice claim.

## III.

A second argument also merits review: whether the award of a money judgment to defendants, when no proceeding for the recovery of a money judgment had been commenced (nor counterclaim interposed), violated plaintiff's procedural due process rights under the Federal and New York State Constitutions, which require notice and an opportunity to be heard (*see Armstrong v Manzo*, 380 US 545, 550 [1965]; *Consumers Union of U.S., Inc. v State of New York*, 5 NY3d 327, 358 [2005]).

AmBase asserts that it was not presented with an opportunity to contest the amount of the success fee, since Davis Polk's request for relief did not place it on notice that the amount owed was in issue. Defendants respond that AmBase had ample notice of the amount awarded since AmBase itself raised the issue in the first instance, and had numerous opportunities throughout the litigation to contest the amount of the outstanding legal fees.

A party is required to bring all of its claims arising out of a transaction in a single complaint. Here, AmBase, in its amended complaint, specifically identified the amount of the fee as $1,424,104 and thus was undeniably on notice of its exact amount. AmBase had numerous opportunities throughout the litigation to challenge the calculation of the fee, but did not. It failed to dispute the amount claimed in its opposition to Davis Polk's motion to dismiss, and did not request a hearing on the

issue. AmBase also had an opportunity to question the amount and award of the fee at the time Supreme Court rendered its decision from the bench. It also failed to raise any question whatsoever about the unorthodox procedure of entering a money judgment in the absence of a pleading demanding one. AmBase additionally could have raised the question as to the amount of the award in a subsequent filing—a proposed order perhaps—which it did not, nor did it ever request a hearing to determine the reasonableness of the calculation.

Thus, having failed to challenge the amount of the legal fees in its complaint or at any time throughout the proceedings that followed, and also having failed to challenge the procedure leading to entry of judgment against it, including correcting Supreme Court's mistaken impression that a counterclaim had been filed, AmBase is now precluded from doing so. Under these circumstances, the order of Supreme Court awarding defendant a money judgment for the outstanding legal fees was proper (see CPLR 3017 [a], [b]). We have examined plaintiff's remaining contentions and find them to be without merit.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.