■ Barbara King Family Trust et al., Respondents-Appellants, v Voluto Ventures LLC et al., Defendants, and Kurzman Eisenberg Corbin Lever & Goodman LLP et al., Appellants-Respondents. (And a Third-Party Action.) [849 NYS2d 41]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered August 22, 2006, which granted the motion by defendants Kurzman Eisenberg Corbin Lever & Goodman and Andrew W. Goodman for summary judgment to the extent of dismissing the eighth cause of action (breach of fiduciary duty) but denied dismissal of the ninth cause of action (legal malpractice), unanimously modified, on the law, the motion granted dismissing the ninth cause of action, and otherwise affirmed, without costs.

Plaintiff Barbara King retained defendant Kotowski as her financial consultant, and, upon his recommendation, invested a substantial sum in defendant Voluto Ventures and loaned an additional amount to an affiliate of that entity. At about the same time, King looking to buy a new residence, became interested in a Manhattan brownstone. Undertaking to negotiate this transaction on King's behalf, Kotowski contacted his attorney, a

partner at defendant Kurzman Eisenberg, to ask the firm to represent King in the anticipated purchase. Kotowski then negotiated with the owner of the property, but the parties were never able to reach an agreement on the price.

When Kurzman Eisenberg learned that the mortgages on the property were in foreclosure, it suggested that King buy the mortgages herself, in part to strengthen her negotiating position. King thereupon purchased the mortgages, but several days after Kurzman Eisenberg submitted to the court a proposed judgment of foreclosure, the owner entered into a contract of sale with a third party. Thereafter, the owner redeemed the mortgages held by King, resulting in a profit to her of $150,000.

Kotowski then urged King to invest the proceeds from the satisfaction of the mortgages in Voluto, which she did. Nevertheless, she subsequently developed doubts as to this venture, and ended up losing most of the funds she had invested in or loaned to Voluto. This action ensued against, among others, Voluto, Kotowski and Kurzman Eisenberg.

The eighth and ninth causes of action respectively allege breach of fiduciary duty and legal malpractice by Kurzman Eisenberg and the individual defendant attorney. Following discovery, these defendants moved for summary judgment dismissing these causes of action. The court correctly dismissed the eighth cause of action but erred in not dismissing the ninth cause of action as well.

In order to prevail on a claim for legal malpractice, a party must establish that the attorney failed to exercise that degree of care, skill and diligence commonly possessed and exercised by a member of the legal community, that such negligence was a proximate cause of the loss in question, and that actual damages were sustained (*AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]; *Brooks v Lewin*, 21 AD3d 731, 734 [2005], *lv denied* 6 NY3d 713 [2006]). Proximate cause requires a showing that "but for" the attorney's negligence, the plaintiff would either have been successful in the underlying matter or would not have sustained any ascertainable damages (*AmBase Corp.*, 8 NY3d at 434; *Brooks*, 21 AD3d at 734).

The moving defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing the legal malpractice claim on the ground that their alleged negligence in recommending the parallel strategy of purchasing the mortgages was not a proximate cause of plaintiffs' damages, i.e., the recommendation did not prevent King from acquiring the property. In opposition, plaintiffs failed to raise a triable issue of fact. Specifically, plaintiffs failed to demonstrate the existence of

a triable issue of fact regarding whether but for the moving defendants' advice to purchase the mortgages, King would have successfully negotiated with the seller and acquired the property. At bottom, plaintiffs offer nothing but mere speculation in this regard.

The motion court properly granted defendants' motion for summary judgment dismissing plaintiffs' claim for breach of fiduciary duty, which is predicated upon the alleged failure of Kurzman Eisenberg to inform King of the conflict of interest created by its dual representation of herself and Voluto/Kotowski, and its subsequent furthering of the interest of Voluto/Kotowski. However, King has acknowledged that she invested the proceeds from the satisfaction of the mortgages in Voluto at the recommendation of Kotowski, not Kurzman Eisenberg. Consequently, plaintiffs' contention that had Kurzman Eisenberg advised King to seek other legal opinion, she would have been protected from her ill-considered investment in Voluto, is entirely speculative, particularly in view of her history of investing in Voluto strictly upon the recommendation of Kotowski and without seeking any other opinion.

Plaintiffs' remaining contentions are without merit. Concur—Andrias, J.P., Marlow, Nardelli, Sweeny and McGuire, JJ.