█ SNORKEL PRODUCTIONS, INC., et al., Appellants, v BECKMAN LIEBERMAN & BARANDES, LLP, et al., Respondents. [880 NYS2d 8]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 29, 2008, which, in an action alleging legal malpractice, granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, the motion denied to the extent it sought to dismiss the cause of action asserted by plaintiff Snorkel Productions, Inc. for damages incurred in connection with an arbitration commenced against it by Barry Manilow and Appoggiatura Music, Inc., and otherwise affirmed, without costs.

In light of plaintiffs' admission that, had defendants properly advised them of the date on which the option to produce a dramatic-musical play written by Barry Manilow and Bruce

Sussman, who held his rights through Appoggiatura, would lapse, they would have timely renewed the option and proceeded to invest, willingly assuming the risk that they would be unable to obtain adequate financing and the production would fail, the motion court correctly concluded that, although the incorrect advice may have induced plaintiffs' continuing investment, it was not the proximate cause of their claimed losses, which resulted solely from the failure to obtain financing sufficient to support the production (*see Barbara King Family Trust v Voluto Ventures LLC*, 46 AD3d 423, 424-425 [2007]; *Laub v Faessel*, 297 AD2d 28, 30-31 [2002]). The only loss proximately caused by defendants' negligent advice was plaintiff Snorkel's loss of its right to produce the play. While there is no nonspeculative basis for valuing that right, Snorkel may seek to recover as damages the expenses it incurred in connection with the arbitration commenced by Manilow and Appoggiatura to recover their rights. Concur—Mazzarelli, J.P., Saxe, Nardelli, Renwick and Freedman, JJ. [*See* 2008 NY Slip Op 32938(U).]