■ GUS Consulting GMBH, Formerly Known as CREDITAN-STALT INVESTMENT BANK AG, et al., Appellants, v CHADBOURNE & PARKE LLP, Respondent. [905 NYS2d 158]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered January 21, 2010, dismissing the complaint in this legal malpractice action, pursuant to an order, same court and Justice, entered January 14, 2010, which, inter alia, granted defendant's motion for summary judgment, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs, Creditanstalt Investment Bank AG and its affiliates (collectively, CAIB), allege that, due to Chadbourne's negligent failure to warn them in 1998 of possible criminal consequences of their use of a simple partnership structure (SP structure) to invest in the Russian natural gas company, Gazprom, they continued using that investment structure, until, in 1999, their Russian offices were raided by Russian tax police. The Russian tax authorities then engaged in a prolonged investigation, allegedly focused on the legality of the structure of the investments. As a result of the threat of criminal prosecutions, CAIB chose in early 2000 to cease all business in Russia until the six-year statute of limitations had run, and then to acquire another corporation in order to reestablish its presence there.

The complaint alleges that the SP structure was illegal under Russian law, specifically decree No. 529, and that the Russian tax police undertook an investigation because the SP structure was illegal. However, the contention that the SP structure was illegal under Russian law was rejected in an arbitration brought against plaintiff CIS Emerging Find Limited (CISEF) in which CISEF asserted that its contract with the claimant was void because it was part of the SP structure that was illegal under decree No. 529. Since the issue was actually and necessarily decided in the arbitration, in which CISEF had a full and fair opportunity to litigate the issue, CISEF and the other plaintiffs, who are admittedly in privity with it, are precluded from relitigating it herein (*see Kaufman v Eli Lilly & Co.*, 65 NY2d

449, 455 [1985]; *Active Media Servs., Inc. v Grant Prideco, Inc.*, 35 AD3d 165 [2006]). Thus, to the extent the complaint is based on allegations that Chadbourne negligently advised plaintiffs that the SP structure was legal, although risky, under Russian law, the malpractice claim is foreclosed.

Summary judgment dismissing the entire legal malpractice action was correctly granted because CAIB failed to present evidence in admissible form sufficient to raise a triable issue of fact as to proximate cause, which requires a showing that Chadbourne's alleged failure to warn it of potential criminal consequences of its use of the SP structure proximately caused reasonably ascertainable damages (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]; *Barbara King Family Trust v Voluto Ventures LLC*, 46 AD3d 423, 424-425 [2007]). CAIB submitted no admissible evidence to dispute Chadbourne's showing that the 1999 tax police raid was precipitated by a terminated employee in an effort to delay CAIB's discovery of his theft of 100,000,000 shares of Gazprom stock. Further, the shares of Gazprom stock that were "arrested" by Russian authorities following the 1999 raids were eventually released to CAIB, and no formal criminal prosecution was ever commenced against CAIB or any of its affiliates or officers. CAIB's claim that, had Chadbourne properly advised it of potential criminal exposure, it would have changed or ceased its use of the SP structure and then would have been able to maintain its presence in Russia and grow its business there over the next six years, while the Russian economy rebounded, is too speculative to support a legal malpractice claim (*see AmBase Corp.*, 8 NY3d at 434; *Zarin v Reid & Priest*, 184 AD2d 385, 387-388 [1992]). Concur—Saxe, J.P., Friedman, Nardelli, Moskowitz and Richter, JJ. **[Prior Case History: 26 Misc 3d 1212(A), 2010 NY Slip Op 50072(U).]**