Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 5, 2012, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this legal malpractice action, plaintiff, a retired New York City police officer, retained defendants to represent him in a lawsuit against the New York City Eolice Department (NYFD) and the City of New York. The complaint in that lawsuit alleged retaliation in violation of the First Amendment based on plaintiffs writing of a report, written pursuant to his duties as a safety officer, that identified certain possible environmental hazards at his police precinct. The complaint was dismissed *592 because, while the case was pending, the United States Supreme Court held, in Garcetti v Ceballos (547 US 410 [2006]), that a government employee cannot claim First Amendment violations against his employer based on speech made “pursuant to” the employee’s official duties (id. at 421).
Plaintiff subsequently brought this malpractice action, primarily due to defendants’ alleged failure to amend the complaint to include claims that, allegedly, would not have been dismissed in light of Garcetti.
Supreme Court correctly held that defendants made a prima facie showing of lack of causation, and that plaintiff failed to present evidence in admissible form sufficient to raise a triable issue of fact (see e.g. GUS Consulting GmbH v Chadbourne & Parke LLP, 74 AD3d 677, 679 [1st Dept 2010], lv denied 16 NY3d 702 [2011]). In particular, plaintiff failed to demonstrate that he would have succeeded on the merits of the underlying action “but for” defendants’ alleged negligence in failing to amend the complaint (Aquino v Kuczinski, Vila & Assoc., PC., 39 AD3d 216, 218-219 [1st Dept 2007]).
Indeed, plaintiff would not have prevailed on his First Amendment retaliation claim even if defendants had amended the complaint to include plaintiffs April 2000 conversation with a Police Benevolent Association (PBA) attorney regarding his report. The NYPD Patrol Guide states that, as a safety officer, he was required to “[a]ct as liaison for command on safety and health issues,” which he did in meeting with the PBA attorney. In addition, plaintiff stated, in his deposition in the civil rights matter, that the PBA attorney sought him out specifically to discuss the report, and that he spoke to the PBA attorney at the precinct, on work time, with his supervisor’s knowledge. Thus, his conversation with the PBA attorney was undoubtedly “pursuant to” his duties as a safety officer and did not amount to speech protected by the First Amendment (Garcetti, 547 US at 421).
Plaintiff also would not have prevailed on any claim of a due process violation based on NYPD’s confiscation of his weapons before his retirement. Indeed, plaintiff does not dispute that there were postdeprivation state remedies available to him (Hudson v Palmer, 468 US 517, 533 [1984]; Hellenic Am. Neighborhood Action Comm, v City of New York, 101 F3d 877, 880 [2d Cir 1996], cert dismissed 521 US 1140 [1997]). Although there is a factual issue as to whether defendants advised plaintiff to obtain counsel to pursue his claim in state court, it is not a material issue because plaintiff never alleged malpractice on this basis. Nor does it warrant further discovery pursuant to CPLR 3212 (f).
*593 Supreme Court correctly held that plaintiff failed to show that he would have obtained relief under any of the whistle-blower provisions listed in his complaint, which, he alleges, defendants failed to plead in the civil rights action. Plaintiff merely cites conclusory allegations in the civil rights complaint stating that certain chemical leaks “exceeded OSHA and EPA standards,” and he does not otherwise state facts or any basis for relief under any of the whistleblower statutes.
Supreme Court also correctly rejected plaintiffs claim that defendant Mussman’s position as a New York City Housing Authority judge constituted a conflict of interest. Mussman claims that his position as a Housing Authority judge began in 2008, well after defendants’ representation of plaintiff had ended. The motion court was entitled to credit Mussman’s affidavit and reject unsubstantiated claims in plaintiffs affidavit regarding Mussman’s employment (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Plaintiff failed to preserve his arguments that defendants’ filing of the summary judgment motion in this action violated a stipulation and time restrictions in CPLR 3212 (a) (see Recovery Consultants v Shih-Hsieh, 141 AD2d 272, 276 [1st Dept 1988]). In any event, those arguments are unavailing. CPLR 3212 (a) allows a party to move for summary judgment “after issue has been joined.” Defendants filed their answer, and thus joined issue, before they moved for summary judgment. Thus, their motion was not premature (see Moezinia v Damaghi, 152 AD2d 453, 456 [1st Dept 1989]). Nor did defendants violate the stipulation filed with the court on October 31, 2011, which notes only that there was a “summary judgment motion pending,” and that the time for filing the note of issue was extended in order to permit the conclusion of pretrial discovery. The stipulation does not suggest that the motion would be stayed pending discovery.
We have considered plaintiffs remaining contentions and find them unavailing.
Concur—Andrias, J.P, Acosta, Freedman, Richter and Gische, JJ.