Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 24, 2012, which, to the extent appealed from as limited by the briefs, denied defendants Jaspan Schlesinger Hoffman LLP, Robert Londin, and David Paseltiner’s (the Jaspan defendants) motion for summary judgment dismissing the legal malpractice causes of action, granted plaintiffs motion for summary judgment declaring that, if liable, the Jaspan defendants are jointly and severally liable with their codefendants, and dismissing the affirmative defense based on the doctrine of in pari delicto, and denied the motion as to the second, third and seventh affirmative defenses (based on comparative fault), unanimously modified, on the law, to deny plaintiffs motion as to the affirmative defense of in pari delicto, to grant plaintiffs motion as to the affirmative defenses based on comparative fault, and to vacate the declaration that the Jaspan defendants may be held jointly and severally liable, and otherwise affirmed, without costs.
In 2004, defendant Jeffrey Sussman, plaintiffs chief financial officer, began causing plaintiff, without any other officer or *672 director’s authorization or approval, to advance monies to defendant Hunt-Scanlon Corporation. In January 2006, and again in February 2007, in connection with plaintiff’s then outstanding loans to Hunt-Scanlon, Sussman sought legal advice from lawyers at defendant Jaspan Schlesinger, outside corporate counsel for plaintiff. Upon learning that the loan relationship was improper, the Jaspan defendants advised Sussman to inform plaintiffs chief executive officer and board of directors of the unauthorized loans, but they neither contacted plaintiff themselves nor confirmed that Sussman had done so.
The record presents an issue of fact whether, as the Jaspan defendants contend, plaintiff knew as of January 2006 that loans had been extended to Hunt-Scanlon and did nothing to prevent Sussman from issuing additional loans, and therefore whether the Jaspan defendants’ failure to notify plaintiff of the loans in February 2007 was a proximate cause of plaintiff’s losses (see e.g. AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 435-436 [2007]; GUS Consulting GmbH v Chadbourne & Parke LLP, 74 AD3d 677, 679 [1st Dept 2010], lv denied 16 NY3d 702 [2011]). Thus, the motion court properly denied the Jaspan defendants’ motion for summary dismissal of the plaintiffs malpractice claim. It also correctly held that “[t]he apportionment of liability among alleged tortfeasors is a matter for trial” (Greenidge v HRH Constr. Corp., 279 AD2d 400, 403 [1st Dept 2001]).
Turning to the Jaspan defendants’ affirmative defenses, we find that there is a question of fact as to whether the Jaspan defendants have established that the doctrine of in pari delicto defeats plaintiffs claims (see Kirschner v KPMG LLP, 15 NY3d 446, 466 [2010]). As already noted, whether plaintiff knew of Sussman’s conduct and allowed him to continue loaning monies for several years remains a question of fact. Further, the Jaspan defendants allege that plaintiff received allegedly significant and substantial benefits during the time that Sussman made the unauthorized loans. Plaintiff disputes this claim, but failed to establish as a matter of law, that Sussman acted solely for his own or Hunt-Scanlon’s purposes, totally abandoning plaintiffs interests. Plaintiff therefore failed to demonstrate that the adverse interest exception to the doctrine of in pari delicto applies (Center v Hampton Affiliates, 66 NY2d 782, 784-785 [1985] [insufficient to allege only that agent had a conflict of interest or was not acting primarily for the principal]; Concord Capital Mgt., LLC v Bank of America., N.A., 102 AD3d 406, 406 [1st Dept 2013] [“ ‘So long as the corporate wrongdoer’s fraudulent conduct enables the business to survive—to attract investors *673 and customers and raise funds for corporate purposes’—the adverse interest exception does not apply” (quoting Kirschner at 468)]).
However, the Jaspan defendants’ affirmative defenses seeking to bar or reduce plaintiffs damages based on plaintiffs alleged comparative fault must be dismissed because plaintiffs alleged failure to discover or prevent ongoing fraud by its fiduciary, Sussman, did not prevent or interfere with the Jaspan defendants’ performance of their own professional duties to plaintiff (see National Sur. Corp. v Lybrand, 256 App Div 226, 235-236 [1st Dept 1939]; see also Collins v Esserman & Pelter, 256 AD2d 754, 757 [3d Dept 1998] [although the record was “replete with evidence” that the company’s bookkeeper was able to exploit the lack of internal controls to embezzle from the company, none of this interfered with the defendant accounting firm’s ability to complete the review for which it had been hired to perform; comparative fault was not applicable]).
To permit an affirmative defense of comparative negligence in a legal malpractice case, there must be a showing that the client did or did not do something that hindered the law firm from performing its duties toward its client. The Jaspan defendants’ reliance on cases addressing the application of comparative negligence in the context of alleged accountant malpractice, or breach of fiduciary duty, are not squarely on point (see e.g. Hall & Co. v Steiner & Mondore, 147 AD2d 225, 227-228 [3d Dept 1989]; Lippes v Atlantic Bank of N.Y., 69 AD2d 127 [1st Dept 1979]). Here, none of the examples of plaintiffs alleged internal weaknesses could rationally lead a factfinder to conclude that plaintiff interfered with the Jaspan defendants’ ability to carry out their fiduciary duties toward plaintiff. Thus, on the extant record, there is no valid line of reasoning that could lead rational people to conclude plaintiff was negligent, and that such negligence was a substantial factor in causing the losses attributed to the Jaspan defendants’ negligence. Concur—Andrias, J.E, Sweeny, Feinman and Gische, JJ.