Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 26, 2012, which granted plaintiffs motion for summary judgment declaring that it was not obligated to defend or indemnify defendants in the underlying estate proceeding, and on its cause of action for reimbursement of its defense costs, and order, same court and Justice, entered October 9, 2012, which, to the extent appealable, granted plaintiff’s motion to modify the order to include summary judgment on its supplemental complaint, and order and judgment (one paper), same court and Justice, entered March 13, 2013, awarding plaintiff the total sum of $166,968.90 in defense costs from defendants, unanimously affirmed, with costs.
A claim for the return of legal fees is not a claim for “dam *435 ages” in a legal malpractice action, as defined in the professional liability policy issued by plaintiff to defendants (see Shapiro v OneBeacon Ins. Co., 34 AD3d 259, 260 [1st Dept 2006], lv denied 9 NY3d 803 [2007]). In support of each of the causes of action, the complaint alleges only that defendants overbilled their client in the underlying estate proceeding; it does not allege facts tending to show that but for their negligence, they could have achieved a better result for him (see Allstate Ins. Co. v Mugavero, 79 NY2d 153, 162-163 [1992]; Barbara King Family Trust v Voluto Ventures LLC, 46 AD3d 423 [1st Dept 2007]). Moreover, plaintiff reserved its right to seek reimbursement of its defense costs in the event of a finding of no coverage (see American Guar. & Liab. Ins. Co. v CNA Reins. Co., 16 AD3d 154 [1st Dept 2005]).
We have considered defendants’ remaining contentions and find them unavailing. Concur — Tom, J.E, Friedman, Renwick, Feinman and Clark, JJ.