■ ARISTALIA BENITEZ, Plaintiff, v UNITED HOMES OF NEW YORK, LLC, et al., Defendants. U.S. BANK, NATIONAL ASSOCIATION, Third-Party Plaintiff-Respondent, v ANM FUNDING, LLC, et al., Third-Party Defendants, and LOWENTHAL & KOFMAN et al., Third-Party Defendants-Appellants. [38 NYS3d 26]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about April 17, 2015, which, to the extent appealed from as limited by the briefs, granted defendant/third-party plaintiff U.S. Bank, National Association's (the bank) motion for partial summary judgment on the issue of liability on its legal malpractice claim against third-party defendants Lowenthal & Kofman and Jerald Weinberger (together the law firm), and denied the law firm's motion for summary judgment dismissing that claim, unanimously affirmed, without costs.

The bank made a prima facie showing that the law firm departed from the standard of care in connection with the closing of a residential real estate mortgage loan to plaintiff by, among other things, failing to advise that the subject property lacked a certificate of occupancy, failing to advise of the risk of funding the loan under these circumstances, and failing to confirm that plaintiff contributed 3% of her own funds toward closing, a condition of the loan (*see generally AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). The motion court properly considered the affidavit of the bank's legal expert concerning the duty of care an attorney owes to a mortgage-lender client (*see Suppiah v Kalish*, 76 AD3d 829, 832 [1st Dept 2010], *appeal withdrawn* 16 NY3d 796 [2011]; *Merlin Biomed Asset Mgt., LLC v Wolf Block Schorr & Solis-Cohen LLP*, 23 AD3d 243 [1st Dept 2005]). The bank's closer, who was responsible for ensuring that the closing documents were in order, clearly had "knowledge of the facts" and therefore was qualified to submit an affidavit in support of the bank's summary judgment motion (CPLR 3212 [b]). The closer's lack of knowledge concerning the underwriting process is irrevelant to the legal malpractice claim.

In opposition, the law firm, which did not rebut the expert's opinion with an expert opinion of its own, failed to raise a triable issue of fact (*see Cosmetics Plus Group, Ltd. v Traub*, 105 AD3d 134, 141 [1st Dept 2013], *lv denied* 22 NY3d 855 [2013]).

We have considered the law firm's remaining arguments and

find them unavailing. Concur—Andrias, J.P., Richter, Gische and Kahn, JJ. **[Prior Case History: 2015 NY Slip Op 30794(U).]**