Exeter Law Group LLP v Immortalana Inc. (2018 NY Slip Op 01269)





Exeter Law Group LLP v Immortalana Inc.


2018 NY Slip Op 01269


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


5811 161667/14

[*1]The Exeter Law Group LLP, Plaintiff-Defendant,
v
Immortalana Inc., et al., Defendants.
Immortalana Inc., et al., Third-Party Plaintiffs-Respondents,
v
Mitchell Wong, et al., Third-Party Defendants, Law Office of Z. Tan PLLC, Third-Party Defendant-Appellant.


Law Office of Z. Tan PLLC, New York (BingChen Li of counsel), for appellant.
Katz Melinger PLLC, New York (Kenneth J. Katz of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about October 31, 2016, which, to the extent appealed from as limited by the briefs, denied third-party defendant Law Office of Z. Tan PLLC's (the firm) motion to dismiss the legal malpractice claim as against it, unanimously affirmed, without costs.
Defendants/third-party plaintiffs (hereinafter referred to as the clients) sufficiently stated a claim for legal malpractice against the firm. In particular, the clients alleged an attorney-client relationship; the firm's failure to exercise ordinary and reasonable skill and knowledge; and damages flowing from additional costs in retaining substitute counsel to restructure the client entities so as to avoid taxes, and the cost of taxes occasioned by the improper corporate structure (see generally AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]). The engagement letter does not conclusively establish that the services rendered by the firm were outside the scope of the engagement (CPLR 3211[a][1]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK