American Home Assur. Co. v Port Auth. of N.Y. & N.J. (2018 NY Slip Op 07829)





American Home Assur. Co. v Port Auth. of N.Y. & N.J.


2018 NY Slip Op 07829


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Manzanet-Daniels, Webber, Singh, JJ.


651096/12 7628A 7628

[*1] American Home Assurance Company, Plaintiff-Appellant-Respondent,
v
The Port Authority of New York and New Jersey, Defendant-Respondent, Alcoa Inc., et al., Defendants-Respondents-Appellants, Mario & DiBono Plastering Co., Inc., et al., Defendants.


Simpson Thacher & Bartlett LLP, New York (Michael J. Garvey of counsel), for appellant-respondent.
K & L Gates LLP, Pittsburgh, PA (Michael J. Lynch of the bar of the State of Pennsylvania, admitted pro hac vice, of counsel), for Alcoa, Inc., respondent-appellant.
Ahmuty, Demers & McManus, New York (Glenn A. Kaminska of counsel), for TTV Realty Holdings, Inc., respondent-appellant.
Anderson Kill, P.C., New York (Robert M. Horkovich of counsel), for respondent.



Orders, Supreme Court, New York County (Eileen Bransten, J.), entered November 29, 2017, which, to the extent appealed from, denied plaintiff's motion for summary judgment declaring that certain personal injuries allegedly arising from exposure to asbestos at the World Trade Center site during original construction of the site (WTC asbestos claims) are not covered under the subject insurance policy because defendants cannot prove that those injuries occurred during the policy periods and that the claims arising from the spray-on asbestos-containing fireproofing on the Twin Towers arose from a single occurrence that exhausted the policy limits, granted defendants Port Authority of New York and New Jersey's, Alcoa Inc.'s, and TTV Realty Holdings, Inc.'s (defendants) motions for summary judgment declaring that coverage is triggered under the policy for the WTC asbestos claims because the injuries alleged by the underlying claimants arose out of construction of the WTC, that the claims arising from spray-on fireproofing did not arise from a single occurrence, that the policy is not exhausted as a result of the spray-on fireproofing claims, and that plaintiff's duty to defend under the policy survives exhaustion of the policy's liability limit, and denied Alcoa's and TTV Realty Holdings' motions for summary judgment dismissing the recoupment claim, unanimously modified, on the law, to vacate the declaration that plaintiff's duty to defend survives exhaustion of the policy's liability limit, and otherwise affirmed, without costs.
The plain language of the subject insurance policy providing for coverage for injuries arising out of the "Premises - Operations Hazard" means that the policy covers injuries that result from operations that occurred during the policy period. Plaintiff's interpretation, which would limit coverage to injuries themselves occuring during the policy period, is not supported by that language and also is inconsistent with the broad "Insuring Agreement[]" that requires plaintiff to pay "all sums" that the insured becomes legally obligated to pay as damages for personal injuries [*2]"in connection with the construction of [the WTC project]." The foregoing does not render meaningless or superfluous the coverage that the policy provides for injuries arising out of the "Products - Completed Operations Hazard," a separate risk.
Supreme Court correctly concluded that, in the absence of a single event or accident, all claims alleging exposure to asbestos from spray-on fireproofing at the site over a three-year period did not arise from a single occurrence under the policy (see International Flavors & Fragrances, Inc. v Royal Ins. Co. of Am., 46 AD3d 224, 229 [1st Dept 2007]; see generally Appalachian Ins. Co. v General Elec. Co., 8 NY3d 162 [2007]).
As plaintiff reserved its right to recoup expenses it incurred that are not covered by the policies, Supreme Court correctly declined to dismiss its recoupment reclaim (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Turner Constr. Co., 119 AD3d 103, 106, 109 [1st Dept 2014]; BX Third Ave. Partners, LLC v Fidelity Natl. Tit. Ins. Co., 112 AD3d 430, 431 [1st Dept 2013]; American Guar. & Liab. Ins. Co. v CNA Reins. Co., 16 AD3d 154, 155-156 [1st Dept 2005]).
The court incorrectly concluded that plaintiff's duty to defend survives exhaustion of the policy's liability limit. The policy explicitly provides that defense costs are subject to that limit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK