Keld v Giddins Claman, LLP (2019 NY Slip Op 02286)





Keld v Giddins Claman, LLP


2019 NY Slip Op 02286


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


8801 150289/17

[*1]Pamela Keld, Plaintiff-Appellant,
v
Giddins Claman, LLP, et al., Defendants-Respondents.


Andrew Lavoott Bluestone, New York, for appellant.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for respondents.



Judgment, Supreme Court, New York County (Kathryn E. Freed, J.), entered April 3, 2018, dismissing the complaint, pursuant to an order, same court and Justice, entered March 15, 2018, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
The retainer agreement entered into by plaintiff and defendant law firm constitutes documentary evidence which utterly refutes plaintiff's claims (see generally Leon v Martinez, 84 NY2d 83, 88 [1994]; CPLR 3211[a][1]). The scope of services defendant was to provide plaintiff in connection with her purchase of a condominium unit was clearly limited by the retainer agreement. The retainer agreement enumerated the legal services defendants would provide including the review, preparation, and/or negotiation of specific documents related to the closing and the investigation and analysis of issues relating to title. Plaintiff's allegation that the agreement required defendants to manage all aspects of the purchase including advising on inspections for safety, quality of renovation and environmental issues is without merit. These duties are outside the scope of the retainer (see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 435 [2007]). Thus, plaintiff cannot maintain a legal malpractice claim against defendants.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK