Cohen v Sive, Paget & Riesel, P.C. (2020 NY Slip Op 06050)





Cohen v Sive, Paget & Riesel, P.C.


2020 NY Slip Op 06050


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Index No. 154650/13 Appeal No. 12189 Case No. 2019-3827 

[*1]Betty Cohen, et al., Plaintiffs-Appellants,
v
Sive, Paget & Riesel, P.C., Defendant-Respondent.


Goldberg Cohen LLP, New York (Morris E. Cohen of counsel), for appellants.
Mauro Lilling Naparty, LLP, Woodbury (Matthew W. Naparty of counsel), for respondent.



Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered January 2, 2019, upon a jury verdict in favor of defendant, unanimously affirmed. Order, same court and justice, entered April 1, 2019, which denied plaintiffs' motion for a declaratory judgment and to set aside the verdict, unanimously affirmed, with costs.
The jury's verdict that defendant did not commit legal malpractice rested on a fair interpretation of the evidence (see KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d 488, 489 [1st Dept 2014]; Barbara King Family Trust v Voluto Ventures LLC, 46 AD3d 423, 424 [1st Dept 2007]). The jury heard significant evidence about the standard of care an attorney owes to a client, including the information and explanations that an attorney should give to clients about submitting claims to their insurer. There was a sufficient basis for the jury's crediting the testimony of defendant's expert witnesses about the standard of care and placing less weight on plaintiffs' expert's testimony. The jury also heard evidence about the scope of defendant's representation, as well as evidence that, shortly after it was retained, defendant advised plaintiffs to submit a claim to their insurer and that plaintiffs rejected that advice. There was also expert testimony that certain rights that defendant allegedly failed to explain to plaintiffs either belonged to plaintiffs' insurer or otherwise would not have applied in this case.
The jury's conclusion that defendant did not breach the standard of care by failing to advise plaintiffs that their insurer might have a duty to provide a defense also rests on a fair interpretation of the evidence. The jury heard expert testimony that the claim against plaintiffs would not be covered by the policy and that plaintiffs' insurer would not have provided a defense.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020