Ramos v Goldberg, Schudieri & Lindenberg, P.C. (2020 NY Slip Op 07147)





Ramos v Goldberg, Schudieri & Lindenberg, P.C.


2020 NY Slip Op 07147


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 160837/16 Appeal No. 12505 Case No. 2020-03229 

[*1]Raymond Ramos, Plaintiff-Appellant,
v
Goldberg, Schudieri & Lindenberg, P.C. et al., Defendants-Respondents.


Ballon Stoll P.C., New York (Sholom J. Prager of counsel), for appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York (Karen M. Lager of counsel), for respondents.



Order, Supreme Court, New York County (Anthony Cannataro, J.), entered January 7, 2020, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (a)(7), unanimously affirmed, without costs.
In the underlying matter, a not-for-profit housing cooperative brought a holdover proceeding against plaintiff that sought past use and occupancy as well as challenged his rights to the unit he occupied. Plaintiff commenced a separate action in Supreme Court seeking a declaration that he was the owner of the cooperative unit in question. The housing cooperative [*2]counterclaimed in the Supreme Court action for a declaration that plaintiff's claim of right to ownership in the apartment was invalid. The holdover proceeding was stayed pending a determination of the Supreme Court action pursuant to the parties' stipulation. Defendants attorneys represented plaintiff in the Supreme Court action, which ultimately was resolved adversely to plaintiff, as the court granted the relief sought by the housing cooperative in its counterclaim.
Plaintiff then commenced this legal malpractice action against defendants alleging that he suffered damages in the form of his loss of rights to the cooperative unit. Plaintiff claimed his damages were proximately caused by defendants' negligence in failing to call the cooperative board's attorney to testify in the Supreme Court action as to her knowledge of the alleged closing at which plaintiff purportedly acquired his shares and proprietary lease to the subject unit. Plaintiff also alleged that defendants wrongfully advised him to agree to the stipulation that made the Supreme Court action outcome determinative as to the stayed holdover proceeding.
Plaintiff's factual allegations fail to establish that but for defendants' alleged negligence in not calling the cooperative's attorney to testify in the Supreme Court action, the attorney's testimony would have established that the unit was validly transferred to him at a July 1995 closing (see generally Ambase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]). Plaintiff's complaint offers no factual allegations as how or why the testimony from the attorney could have established the validity of a transfer of the unit to plaintiff. Moreover, it is speculative to state that the cooperative attorney's testimony could have established the validity of the transfer when the real participants that had the authority to effect the transfer (i.e., the cooperative's board members) either denied having participated in such a transfer and/or that the signatures alleged to be by theirs on the transferring documents were in fact their signatures. Accordingly, testimony from the cooperative's attorney would not have altered the outcome of the Supreme Court action.
Furthermore, there are no factual allegations in the complaint to demonstrate that plaintiff would have been successful in the holdover proceeding, and would not have sustained any damages in such proceeding, but for defendants alleged negligence in having plaintiff stipulate to making the holdover proceeding dependent upon the outcome of the Supreme Court action. The issues in the two proceedings were interrelated. As recognized by the motion court, the question of whether plaintiff was subject to eviction in the holdover proceeding necessarily depended upon whether plaintiff was found to be a shareholder of the cooperative corporation, the very issue being litigated in the Supreme Court. 
Where, as here, the breach of fiduciary claim arises out of the same facts and seeks the same damages as the legal malpractice claim, the breach of fiduciary duty claim will be dismissed as duplicative (see Courtney v McDonald, 176 AD3d 645 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020