◼ MARINA VELEZ, Respondent, v UNION SANITORIUM ASSOCIATION, INC., Appellant. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered December 20, 1983, which denied the defendant's motion to dismiss the complaint, upon the basis that another action is pending, is unanimously reversed, on the law and the facts, motion is granted and the complaint is dismissed, without costs.

Plaintiff contends that, sometime between June 16, 1982 and July 10, 1982, defendant Union Sanitorium Association, Inc. (Union Sanitorium) negligently provided her with medical care and services through its employee Peter A. Herman, M.D. (Herman), and, as a result she suffered personal injuries. Further, plaintiff contends that this alleged medical malpractice was committed in the Union Health Center (Center), which is a medical facility owned, operated, managed and controlled by Union Sanitorium. Thereafter, by summons and complaint dated in April, 1983, plaintiff commenced an action against defendants Center, International Ladies Garment Workers Union (ILGWU) and Herman to recover damages for these injuries. In this April, 1983 action, which is action No. 1, defendant Union Sanitorium submitted an answer making full disclosure of its proper corporate name, and its answer was accepted without objection by plaintiff.

Plaintiff does not deny that there is a motion to dismiss presently pending in action No. 1, which motion was brought by

defendants ILGWU and Union Sanitorium, on the ground that plaintiff had failed to comply with a court order, dated August 12, 1983, directing plaintiff to serve a bill of particulars in that action.

Subsequently, in November, 1983, plaintiff started this present action solely against defendant Union Sanitorium, which is action No. 2, and the complaint in this action No. 2 asserts the same allegations of negligence and injuries as the complaint in action No. 1. Promptly, defendant Union Sanitorium moved to dismiss this second action, pursuant to CPLR 3211 (subd [a], par 4), upon the basis that there is another action pending between these parties concerning the same matter. Special Term denied this motion. We disagree.

In the first action, defendant's answer stated "Union Sanitorium Association, Inc., sued herein as Union Health Center". This answer is a judicial admission of this fact, and a submission to the jurisdiction of the court. Obviously, now, plaintiff seeks to avoid the consequences of a preclusion order in the first action.

Since "there is a substantial identity of the parties in the two actions and of the two causes of action" (*Forget v Raymer,* 65 AD2d 953, 954), we grant defendant Union Sanitorium's motion to dismiss action No. 2. Concur — Sullivan, J. P., Ross, Bloom, Fein and Kassal, JJ.