■ NEW GOLD EQUITIES CORP., Appellant, v CHEMICAL BANK, Respondent. [674 NYS2d 41] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 11, 1997, which, in an action by plaintiff customer to recover amounts paid by defendant bank on allegedly forged checks, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The IAS Court properly rejected plaintiff's claim that its request to defendant for previous bank statements and cancelled checks constituted a "report" to defendant under UCC 4-406 (4), which requires a writing (*see, Woods v MONY Legacy Life Ins. Co.*, 84 NY2d 280, 282) clearly identifying the items claimed to have been improperly paid (*see, Pelham Family Servs. v Chemical Bank*, Sup Ct, Westchester County, Feb. 7, 1992, Nicolai, J., index No. 1866/90, citing, *inter alia*, *Indemnity Ins. Co. v Fulton Natl. Bank*, 108 Ga App 356, 133 SE2d 43, and *American Bldg. Maintenance Co. v Federation Bank & Trust Co.*, 213 F Supp 412). As the IAS Court found, there is not so much as a "hint" that any such notice was given

within the allowable one-year period, and the failure to do so constitutes a complete defense to the action (*see, Woods v MONY Legacy Life Ins. Co., supra*, at 286), including plaintiff's common-law causes of action for negligence and breach of warranty (*see, Prudential-Bache Sec. v Citibank*, 73 NY2d 263, 272-273). Concur—Lerner, P. J., Sullivan, Rubin and Saxe, JJ.