■ CHARLES J. RYAN, III, M.D., Appellant, v FLEET BANK OF NEW YORK, Respondent. [730 NYS2d 628] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action in October 1994 alleging that defendant negligently administered his bank accounts between January 1990 and August 1993, thus allowing his bookkeeper and office manager to defraud him in excess of $400,000 through a series of forged checks and unauthorized withdrawals. Supreme Court granted defendant's motion seeking summary judgment dismissing the complaint pursuant to UCC 4-406 (4) on the ground that plaintiff waited until October 9, 1997 to provide defendant with a detailed list of the alleged fraudulent transactions.

"UCC 4-406 (4) bars suit to recover amounts paid by a bank on a forged instrument unless the customer gives written notice of the forgery within one year of the time the account statement was made available" (*Woods v MONY Legacy Life Ins. Co.*, 84 NY2d 280, 282). In the case of a continuing fraud, a plaintiff may assert claims for forged or altered checks reported in the monthly account statements made available during the one-year period preceding the written notice (*see, Monreal v Fleet Bank*, 95 NY2d 204, 206).

Plaintiff contends that, through a series of letters and telephone calls commencing August 10, 1993, he provided de-

fendant with the requisite notice pursuant to UCC 4-406 (4). Based upon our review of the correspondence between the parties commencing August 10, 1993, we conclude that the letters dated January 5, 1994, January 13, 1994 and March 16, 1994 satisfy the written notice requirement of UCC 4-406 (4).

Pursuant to UCC 4-406 (4), plaintiff was required to "report his unauthorized signature or any alteration on the face or back of the item." By letter dated January 5, 1994, plaintiff notified defendant that his signature had been forged in connection with transactions on February 1, 1993, February 9, 1993, March 11, 1993 and April 20, 1993, involving account No. 500-1602850. On January 13, 1994, plaintiff provided defendant with copies of the front and back of checks drawn on plaintiff's accounts between July 1989 and August 1993 and, by letter dated March 16, 1994, plaintiff notified defendant that "[e]very one of those checks bears forged endorsements and forged makers signatures." Contrary to the contention of plaintiff, prior to October 9, 1997 he "clearly identif[ied] the items claimed to have been improperly paid" only with respect to those transactions (*New Gold Equities Corp. v Chemical Bank*, 251 AD2d 91).

We thus modify the order and judgment by granting defendant's motion in part and reinstating the complaint with respect to the alleged fraudulent transactions on February 1, 1993, February 9, 1993, March 11, 1993 and April 20, 1993 involving account No. 500-1602850 to the extent that they were reported in bank statements made available to plaintiff between January 5, 1993 and January 5, 1994, and by reinstating the complaint with respect to those alleged fraudulent transactions set forth in correspondence on January 13, 1994 and March 16, 1994 to the extent that those transactions were reported in bank statements made available to plaintiff between March 16, 1993 and March 16, 1994. (Appeal from Order and Judgment of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.