■ BONNIE P. JOSEPHS, Appellant, v BANK OF NEW YORK et al., Respondents, et al., Defendant. [756 NYS2d 518] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 17, 2001, which, in this action alleging embezzlement and forgery, inter alia, granted the motion of defendants-respondents to dismiss the complaint as against them insofar as to dismiss plaintiff's claims respecting allegedly forged checks reflected on statements made available to plaintiff prior to August 1, 2000, and denied plaintiff's cross motion to amend her complaint; and order, same court and Justice, entered December 27, 2001, which granted defendants' motions to dismiss plaintiff's separately filed declaratory judgment action, unanimously affirmed, without costs.

The motion court properly dismissed plaintiff's claims with respect to all allegedly forged checks reflected on statements made available to her prior to August 1, 2000, based on the plain language of UCC 4-406 (4) and defendant bank's checking account rules and regulations, both of which contained conditions precedent to asserting claims arising out of forgeries such as those alleged by plaintiff. The record establishes that the alleged forgeries by plaintiff's employee, defendant Rosemary Roberts, took place over a period of several years until plaintiff discovered the forgeries on August 29, 2000 and shortly thereafter notified defendant bank. Pursuant to UCC 4-406 (4), any claims regarding forged checks made available to plaintiff prior to September 1, 1999 were properly barred. Additionally, pursuant to defendant bank's rules and regulations, which required notification of forgeries within 30 days of the applicable statement's closing date, the motion court properly precluded any claims regarding forged checks reflected on statements made available to plaintiff prior to August 1, 2000 (see Peter Marino Ltd. v Bank of N.Y., 250 AD2d 485, 486 [1998]).

The motion court correctly dismissed plaintiff's cause of action for commercial bad faith, since it was premised on the conclusory assertion that defendant bank and its employee, defendant Anna Finger, acted in complicity with Ms. Roberts in embezzling funds from plaintiff's Bank of New York account (see Calisch Assoc. v Manufacturers Hanover Trust Co., 151 AD2d 446, 447 [1989]). That plaintiff possesses no viable claim for commercial bad faith is additionally evident from the check-

cashing authorization executed by plaintiff, which explicitly authorized defendant bank to honor checks drawn on plaintiff's account that were payable to cash or to Ms. Roberts.

Since plaintiff failed to demonstrate good ground for her commercial bad faith cause of action, her cross motion to amend the complaint to replead that cause was properly denied (*see* CPLR 3211 [e]).

Also correctly dismissed was plaintiff's declaratory judgment action, which sought a declaration that defendants in the embezzlement action were obligated to pay the sums owed by plaintiff pursuant to three lines of credit allegedly wrongfully depleted by means of the defendant Roberts' embezzlement and forgery. Plaintiff agreed to pay the outstanding principal balance of the loans, and there is no basis for plaintiff's contention that she should be excused from her contractual repayment obligation (*see North Fork Bank & Trust Co. v Holbrook*, 89 AD2d 599, 600 [1982]). Dismissal of the declaratory judgment action was also warranted by the circumstance that it was duplicative of plaintiff's embezzlement action, the two actions involving substantially the same parties, issues and underlying facts (*see* CPLR 3211 [a] [4]; *Velez v Union Sanitorium Assn.*, 106 AD2d 280, 281 [1984], *affd* 64 NY2d 1119 [1985]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Buckley, Williams and Friedman, JJ.