■ IRVING GLUCK, Appellant, v JP MORGAN CHASE BANK, Respondent. [785 NYS2d 77]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered December 11, 2003, which, in an action to recover the amounts of checks drawn on plaintiff customer's account and allegedly forged by his employee, insofar as appealed from

as limited by the briefs, granted defendant bank's motion for summary judgment dismissing in part the customer's causes of action for breach of contract and violation of UCC 4-401, and denied the customer's cross motion for summary judgment on his cause of action for breach of contract, unanimously affirmed, with costs.

Under the parties' deposit account agreement, the bank is not to be held responsible to the customer for losses caused by checks cashed over the customer's forged signature unless, inter alia, the customer gave the bank written notice of the forgery within 60 days of his receipt of the monthly statement containing the forged check. The motion court held, and the customer acknowledges, that the effect of such agreement was to abbreviate a statutory one-year condition precedent to actions against banks based on negligence in detecting a customer's forged signature (UCC 4-406 [4]; *see Josephs v Bank of N.Y.*, 302 AD2d 318 [2003]), and that such condition precedent precludes the customer from asserting such negligence with respect to most of the checks in issue here. Instead, the customer relies on another section of the agreement expressly providing for his recovery of damages that are "the direct result of [the bank's] gross negligence or willful conduct," and argues that an action based thereon is not subject to the above 60-day condition precedent. We reject this claim on the ground that the misconduct alleged—either a failure to ask the customer's employee to show the customer's check-cashing card containing the customer's signature, or a failure to observe that the signature on the card looked nothing like the signature on the forged checks—does not, as a matter of law, constitute gross negligence (*cf. Calisch Assoc. v Manufacturers Hanover Trust Co.*, 151 AD2d 446 [1989]; *Lubell v Samson Moving & Stor.*, 307 AD2d 215, 216-217 [2003]). Concur—Andrias, J.P., Sullivan, Ellerin, Lerner and Marlow, JJ.