■ GARAGE MANAGEMENT CORP., Appellant, v CHASE MANHATTAN BANK, Respondent. [803 NYS2d 60]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered July 30, 2004, after a nonjury trial, which dismissed the complaint, unanimously affirmed, with costs.

Plaintiff alleges breach of contract of deposit by virtue of unauthorized payment of checks, specifically that the bank paid on checks bearing only a facsimile signature placed upon them by plaintiff's dishonest controller as part of an embezzlement scheme.

The court properly held that recovery for payment on most of the checks comprising plaintiff's claim is time-barred since any disputed checks bearing the alleged unauthorized signature were returned to plaintiff with monthly account statements more than one year prior to the date written notice of the dis-

crepancy was given to defendant (*see* UCC 4-406 [4]; *Monreal v Fleet Bank*, 95 NY2d 204, 206 [2000]; *New Gold Equities Corp. v Chemical Bank*, 251 AD2d 91 [1998]).

Recovery on any check paid and returned prior to the January 2001 statement was contractually barred by the terms and conditions governing the account (*see Gluck v JPMorgan Chase Bank*, 12 AD3d 305, 306 [2004]).

As to subsequent checks, the record establishes that the bank sent plaintiff statements of account and copies of the checks paid in good faith and plaintiff did not show that the bank failed to exercise ordinary care under reasonable commercial standards. Thus, plaintiff cannot invoke the exception under UCC 4-406 (3) to the customer preclusion rule of UCC 4-406 (2) (*see Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co.*, 74 NY2d 340, 346 [1989]).

We have considered plaintiff's remaining arguments and find them to be unavailing. Concur—Andrias, J.P., Saxe, Friedman and Malone, JJ.