■ SAMUEL HIRSCH, Appellant, v STEPHEN FINK, Respondent. [931 NYS2d 866]—

As defendant did not represent plaintiff in the underlying accounting action at the time the conditional order of preclusion was issued or in the next 30 days, during which plaintiff was to provide outstanding discovery, he was not responsible for plaintiff's answer being stricken (*see Maksimiak v Schwartzapfel Novick Truhowsky Marcus, P.C.*, 82 AD3d 652 [2011]). Contrary to plaintiff's contention, his attorney-client relationship with defendant did not continue indefinitely simply because it was not terminated in writing (*see Leffler v Mills*, 285 AD2d 774, 776-777 [2001]). The record contains no "indicia of an ongoing, continuous, developing and dependent relationship" between plaintiff and defendant (*see Muller v Sturman*, 79 AD2d 482, 485 [1981]), particularly where plaintiff engaged another lawyer. Nor could defendant have moved timely, i.e., within 30 days, to reargue the order to permit plaintiff to disregard overly broad discovery requests (*see* CPLR 2221).

To prevail in this legal malpractice action, plaintiff would have to show that but for defendant's negligence he would have obtained a better result in the underlying accounting action (*Barbara King Family Trust v Voluto Ventures LLC*, 46 AD3d 423, 424 [2007]). To make that showing, plaintiff would have to litigate the issues of which cases belonged to the alleged partnership between himself and the underlying plaintiff and the fees to which he was entitled. However, those issues were raised and decided against plaintiff in the underlying action (*Frankel v Hirsch*, 38 AD3d 712 [2007]), where he had a full and fair opportunity to litigate them, and he is precluded by the doctrine of collateral estoppel from relitigating them in this action (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). Concur—Catterson, J.P., Moskowitz, Freedman and Abdus-Salaam, JJ.
**[Prior Case History: 2010 NY Slip Op 31663(U).]**