■ EIGHTH AVENUE GARAGE CORP. et al., Appellants, v KAYE SCHOLER LLP et al., Respondents. [941 NYS2d 110]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered April 8, 2011, dismissing the amended complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered February 17, 2011, which granted defendants' motion to dismiss the amended complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs failed to allege facts in support of their claim of

legal malpractice that "permit the inference that, but for defendants' [alleged negligence], [they] would not have sustained actual, ascertainable damages" (*Pyne v Block & Assoc.*, 305 AD2d 213 [2003]). Although they maintain that as a result of defendants' negligence in failing to obtain an estoppel certificate from the landlord of the premises where the garage is located, they were unable to sell the subject parking garage, they failed to demonstrate that they would have sold the subject garage but for defendants' alleged malpractice. In any event, plaintiffs are precluded by the doctrine of collateral estoppel from litigating the issue of whether the landlord's failure to give them the certificate damaged them, as that issue was raised and decided against plaintiff Eighth Avenue Garage Corporation in a prior proceeding (*Eighth Ave. Garage Corp. v H.K.L. Realty Corp.*, 60 AD3d 404 [2009], *lv dismissed* 12 NY3d 880 [2009]; *see Hirsch v Fink*, 89 AD3d 430 [2011]).

Supreme Court properly considered the evidence submitted on the motion, including the e-mails, which conclusively disposed of plaintiffs' claims (*see Pitcock v Kasowitz, Benson, Torres & Friedman LLP*, 74 AD3d 613 [2010]). Accordingly, it is of no moment that discovery has not been conducted. In addition, plaintiffs have not asserted that facts essential to justify opposition to the motion may have existed but could not be stated (*see* CPLR 3211 [d]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—DeGrasse, J.P., Freedman, Richter and Román, JJ. **[Prior Case History: 30 Misc 3d 1228(A), 2011 NY Slip Op 50266(U).]**