In an action, inter alia, to recover damages for the payment of forged checks, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Emerson, J.), entered February 10, 2011, as granted those branches of the motion of the defendant Capital One, N.A., which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its counterclaims, and (2) a judgment of the same court entered February 24, 2011, which, upon the order entered February 10, 2011, is in favor of the defendant Capital One, N.A., and against them in the principal sum of $1,146,262.90.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendant Capital One, N.A.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff Clemente Bros. Contracting Corp. (hereinafter Contracting), was a customer of the defendant bank Capital One, N.A. (hereinafter Capital One). Contracting had three deposit and/or checking accounts with Capital One and also took out two loans from Capital One, for which Contracting executed two promissory notes. The plaintiff Jeffrey A. Clemente, *678 Contracting’s president and sole officer, executed a personal guaranty with respect to the loans.
The defendant Aprile Hafner-Milazzo (hereinafter Hafner-Milazzo) worked as a secretary and bookkeeper for Contracting until it was discovered that she had been forging Clemente’s signature on certain Capital One bank documents, including checks paid from one of Contracting’s accounts at Capital One. According to the plaintiffs, Hafner-Milazzo embezzled approximately $386,000 from Contracting by forging or altering various checks from that account over the course of approximately two years, from January 2008 through December 2009. In February 2010, Contracting notified Capital One of its losses due to Hafner-Milazzo’s forgeries. Thereafter, pursuant to a clause in the two promissory notes, Capital One declared all amounts due and payable because an event had occurred which adversely affected Contracting’s ability to repay its indebtedness.
The plaintiffs commenced this action against Hafner-Milazzo and Capital One to recover damages resulting from Hafner-Milazzo’s fraud and forgeries, and to prevent Capital One from enforcing any claims against them with respect to the loans. The plaintiffs alleged, inter alia, that Capital One had failed to use ordinary care in paying on the forged checks and failed to comply with its own regulations in handling Contracting’s accounts. In its answer, Capital One interposed several counterclaims to recover amounts due under the loans and Clemente’s guaranty.
Capital One moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaims. The Supreme Court granted those branches of Capital One’s motion.
Under New York’s Uniform Commercial Code, a bank is strictly liable to its customer when it pays a check on a forged signature (see UCC 4-401; Monreal v Fleet Bank, 95 NY2d 204, 207 [2000]; Robinson Motor Xpress, Inc. v HSBC Bank, USA, 37 AD3d 117, 119 [2006]). The bank avoids such liability, however, when it makes statements of the account and the allegedly forged items available to the customer, and the customer fails to report the alleged forgery to the bank within one year (see UCC 4-406 [4]; Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co., 74 NY2d 340, 345 [1989]; Robinson Motor Xpress, Inc. v HSBC Bank, USA, 37 AD3d at 119). The one-year period begins to run when a bank “sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant *679 to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer” (UCC 4-406 [1]; see Woods v MONY Legacy Life Ins. Co., 84 NY2d 280, 285-286 [1994]; Robinson Motor Xpress, Inc. v HSBC Bank, USA, 37 AD3d at 119; Matin v Chase Manhattan Bank, 10 AD3d 447, 448 [2004]). The parties may shorten the one-year notice period by agreement (see Gluck v JPMorgan Chase Bank, 12 AD3d 305, 306 [2004]; Catalano v Marine Midland Bank, 303 AD2d 617, 618 [2003]; Josephs v Bank of N.Y., 302 AD2d 318 [2003]). Here, the parties, by agreement, shortened the one-year period to 14 days.
Capital One established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence that the monthly account statements were “made available” to the plaintiffs within the meaning of UCC 4-406 (4), thus triggering the 14-day notice requirement in the parties’ agreement, and that the plaintiffs failed to discover and report each of the alleged forgeries within the applicable 14-day period (see Woods v MONY Legacy Life Ins. Co., 84 NY2d at 285-286; Josephs v Bank of N.Y., 302 AD2d at 318). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of Capital One’s motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Further, Capital One established its prima facie entitlement to judgment as a matter of law on its counterclaims by demonstrating the existence of two notes executed by Contracting, Clemente’s guaranty, the terms of repayment, and defaults under the terms of the notes (see New York Community Bank v Fessler, 88 AD3d 667, 668 [2011]; North Fork Bank Corp. v Graphic Forms Assoc., Inc., 36 AD3d 676, 676-677 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Capital One’s motion which was for summary judgment on its counterclaims.
The parties’ remaining contentions are without merit. Rivera, J.E, Angiolillo, Chambers and Roman, JJ., concur.