■ ESTATE OF BENJAMIN FEDER, Deceased, by PHYLLIS RICH FEDER, as Executor of BENJAMIN FEDER, Appellant, v WINNE, BANTA, HETHERINGTON, BASRALIAN & KAHN, P.C., Respondent. [985 NYS2d 558]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered March 13, 2013, which granted defendant's motion to dismiss the complaint alleging legal malpractice and breach of fiduciary duty, unanimously affirmed, without costs.

The motion court properly considered the email and correspondence from defendant to plaintiff, as executor of the estate, in dismissing the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) (*David v Hack*, 97 AD3d 437, 438 [1st Dept 2012]; *see also Eighth Ave. Garage Corp. v Kaye Scholer LLP*, 93 AD3d 611, 612 [1st Dept 2012], *lv denied* 19 NY3d 807 [2012]; *Robinson v Robinson*, 303 AD2d 234, 235-236 [1st Dept 2003]).

The motion court properly dismissed the legal malpractice claim. Plaintiff, the wife of decedent, failed to adequately allege that defendant acted negligently in advising her to pay the estate tax out of decedent's estate, rather than making a quali-

fied terminable interest property (QTIP) election (*see* Internal Revenue Code [26 USC] § 2056 [b] [7]). Such a QTIP election would have deferred payment of any estate taxes until plaintiff's death, at which time they would be paid out of her estate. Defendant explained that while a QTIP election might have resulted in an immediate tax savings during plaintiff's lifetime, it could have left significantly less to the residuary beneficiaries of decedent's estate. Defendant's legal obligation was to the estate, not to plaintiff. Thus, as the motion court concluded, defendant selected one among several reasonable courses of action (*see Rosner v Paley*, 65 NY2d 736, 738 [1985]; *Rodriguez v Lipsig, Shapey, Manus & Moverman, P.C.*, 81 AD3d 551, 552 [1st Dept 2011]). Indeed, another firm with whom plaintiff consulted stated that defendant's analysis was correct. To the extent plaintiff argues that defendant failed to consider other alternatives, such as gifts or other trusts, those options would have contradicted the decedent's apparent testamentary intent to retain control and distribute the remainder of his assets to his children upon plaintiff's death.

The court also correctly concluded that plaintiff failed to adequately allege that defendant's conduct proximately caused any ascertainable damages. Plaintiff's damages claim was based largely on speculation that the estate tax payment could have been avoided in the future, which, as plaintiff itself acknowledged in her motion papers, depended on too many uncertainties, including future tax laws, tax rates, and the future value of the trust property (*see e.g. Brooks v Lewin*, 21 AD3d 731, 734-735 [1st Dept 2005], *lv denied* 6 NY3d 713 [2006]).

The court properly dismissed the breach of fiduciary duty claim, as plaintiff failed to adequately allege that defendant's conduct caused any ascertainable damages (*Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271-272 [1st Dept 2004]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Manzanet-Daniels and Feinman, JJ.