OPINION OF THE COURT
Catherine M. DiDomenico, J.
The decision and order on defendant’s application is as follows:
Defendant, former husband, moves by order to show cause (sequence No. 015) for an order: (1) staying the signing of the judgment of divorce; (2) vacating the parties’ so-ordered stipulation dated March 9, 2015 regarding arrears; (3) vacating any arrears accrued under that stipulation nun pro tunc; (4) granting defendant a downward modification of his ongoing child support obligation; and (5) granting defendant expanded visitation with the subject children. Plaintiff, former wife, opposes defendant’s motion in its entirety. Plaintiff first claims that the application is barred as a matter of law on the basis that defendant is precluded from offering financial documentation in this action. Plaintiff further argues that defendant has failed to establish a change in circumstances sufficient to warrant a downward modification at this time. While both parties were offered the opportunity to submit memoranda of law to brief the novel issues of law raised by defendant’s application, only plaintiff chose to do so.
On May 24, 2016 the court held a hearing on defendant’s application for a downward modification of his child support obligation. The court also heard testimony regarding defendant’s consolidated family offense petition. After the conclusion of defendant’s direct testimony, plaintiff made an oral application for the dismissal of defendant’s family offense petition on the ground that the petition, and defendant’s testimony in sup *867 port, did not establish a prima facie cause of action for a family offense as defined by article 8 of the Family Court Act. After hearing argument from both sides, plaintiffs application was granted, and defendant’s petition was dismissed. (See short form order May 24, 2016.)
Procedural History
It is uncontested that on April 28, 2014 defendant, former husband, was precluded from offering financial documentation, and testimony, in relation to the issues raised in the parties’ underlying divorce action. On March 9, 2015, in light of preclusion, and on the eve of trial, defendant entered into a so-ordered stipulation wherein he agreed to settle the divorce action and, among other things, agreed to pay the sum of $250 a week in child support. In addition to this prospective support, the parties agreed to resolve the then pending contempt application with a money judgment for child support arrears in the amount of $17,100. The record of March 9, 2015, together with the orders issued that date, formed the basis for a judgment of divorce which was signed by this court on June 12, 2015. Those orders were incorporated into said judgment. As the judgment of divorce was signed prior to the defendant’s present application to stay the signing, that application is hereby denied as moot.
Downward Modification
Defendant’s application, filed on July 28, 2015, seeks a downward modification of his child support obligation, together with cancellation of arrears. Defendant argues that his income, or ability to earn income, has changed since the signing of the stipulation of settlement. However, as defendant’s application was filed just four months after the divorce was settled and the parties stipulated to a child support amount, plaintiff argues that the present litigation is nothing more than an attempt to circumvent the preclusion order issued in the underlying divorce proceeding.
In opposition to defendant’s motion, plaintiff first argues that the application for a downward modification must be denied as a matter of law as the defendant has been precluded from offering financial evidence in this action. Plaintiff argues that while the defendant was initially precluded in relation to the underlying divorce, he should remain precluded in this postjudgment application, which was filed under the same *868 index number. In support of this argument, plaintiff indicates that if the court were to allow defendant to re-litigate the issue of child support before the ink on their stipulation was dry, a grave injustice would result. Plaintiff claims that the defendant’s immediate filing of a motion intended to undo the terms of the parties’ stipulation, and circumvent the preclusion order, amounts to little more than “litigation abuse.”
Preclusion is a remedy to be utilized sparingly, and only when a party willfully and contumaciously fails to provide discovery. (See Mikhailov v Katan, 116 AD3d 744 [2d Dept 2014].) Here, during the course of a four-year divorce proceeding, defendant consistently evidenced that he was unwilling to comply with court orders. Defendant’s inability to follow directives unnecessarily prolonged the divorce proceeding, caused plaintiff to file a motion for contempt, and ultimately resulted in at least three arrests for alleged violations of this court’s temporary orders of protection.* As shown by plaintiff, defendant was afforded various opportunities to comply with the discovery directives of this court. He failed to do so. Accordingly, in April of 2014, this court granted plaintiff’s application to preclude defendant from offering financial evidence at trial. In response, and in light of an impending trial, defendant agreed to stipulate to an amount of child support, not based upon his income, but rather based upon the plaintiff and subject children’s reasonable needs. (See Halley-Boyce v Boyce, 108 AD3d 503 [2d Dept 2013].) At the time the stipulation was entered into, it was impossible to determine the defendant’s actual income or calculate Child Support Standards Act guidelines support as no credible documentation regarding defendant’s income was available. Despite the fact that the parties agreed to what they deemed to be a reasonable amount of child support, defendant now seeks to undo the agreement, evade preclusion, and re-litigate the amount of support on the basis that he is now willing to provide financial documentation which would result in a considerably lower child support award.
While the issue of “prior preclusion” raised by the plaintiff is novel, the court is not without legal precedent. The law of the case doctrine, the doctrine of collateral estoppel, and the doctrine of res judicata provide guidance in this case. Under *869 the law of the case doctrine, a party may not re-litigate an issue that has already been resolved in a particular proceeding. (See Luna Light., Inc. v Just Indus., Inc., 137 AD3d 1228 [2d Dept 2016]; see also Certain Underwriters at Lloyd’s London v North Shore Signature Homes, Inc., 125 AD3d 799 [2d Dept 2015].) Therefore, if this postjudgment application is construed to simply be an extension of the underlying divorce, the defendant is precluded from offering evidence in relation to his finances. However, as defendant argues that this postjudgment modification proceeding is distinct from the underlying divorce, the doctrines of collateral estoppel and/or res judicata would apply. “Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent proceeding or action an issue that was raised in a prior action or proceeding and decided against that party.” (See 74 Eldert, LLC v Sharp, 138 AD3d 819, 820 [2d Dept 2016]; see also Hirsch v Fink, 89 AD3d 430 [1st Dept 2011].) The doctrine of res judicata prohibits a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. (See Matter of Hunter, 4 NY3d 260 [2005].)
Here, defendant had a full and fair opportunity to participate in discovery and his failure to do so resulted in the sanction of preclusion. Defendant also had the opportunity to litigate the issue of whether or not he should be precluded, and he lost that argument on its merits. Defendant chose not to appeal, or move to renew or reargue the court’s decision in that regard. As argued by plaintiff, allowing defendant to offer evidence of his finances shortly after the conclusion of his divorce would essentially allow him to “circumvent the preclusion order by doing indirectly what they ha[d] been foreclosed from doing directly.” (Caton v Doug Urban Constr. Co., 65 NY2d 909, 911 [1985].) New York courts prohibit a party from evading a preclusion order through the use of “tactical litigation.” (See Ciccarelli v Welcome, 50 AD2d 1046 [3d Dept 1975], affd 40 NY2d 954 [1976]; see also Santana v Fischer, 49 AD2d 734 [1st Dept 1975] [second action may not be commenced to circumvent a prior preclusion order]; Schultz v Kobus, 15 AD2d 382 [4th Dept 1962] [order of discontinuance that was obtained to circumvent a preclusion order was reversed]; Velez v Union Sanitorium Assn., 106 AD2d 280 [1st Dept 1984] [a party cannot thwart a preclusion order by bringing a new action immune from its effects]; Barrett v Kasco Constr. Co., 56 NY2d *870 830 [1982] [prior judgment, while not clearly “on the merits,” should be given res judicata effect in order to prevent circumvention of a preclusion decree].)
Thus, after considering the totality of the circumstances, including the short time frame in which the defendant chose to file for a downward modification of his stipulated child support obligation, the court finds that the defendant remains precluded from offering financial information in support of his current application at this time. (See Barber v Pfeiffer, 261 AD2d 495 [2d Dept 1999].) However, as a change of circumstances may encompass more than just a party’s financial situation, the defendant’s preclusion does not end the court’s analysis.
It is axiomatic that in order to establish a change of circumstances, the moving party must first establish the circumstances as they existed at the time the order was issued. Here, in light of the preclusion order, the defendant failed in his burden to establish a “baseline” of his income and financial resources at the time he entered into the stipulation in March of 2015. Moreover, as he remains precluded, he is unable to establish any financial change in circumstances since that date. Accordingly, defendant must rely on a change in circumstances other than an alleged reduction in his ability to earn income.
To establish entitlement to a downward modification of a child support order, a party has the burden of showing that there has been a substantial change in circumstances since the issuance of that order. (See Family Ct Act § 451; see also Matter of Goehringer v Vozza-Nicolosi, 139 AD3d 949 [2d Dept 2016].) In an attempt to establish a change in circumstances, the defendant testified that during the course of the parties’ marriage he owned an investment property, and that subsequent to the signing of the stipulation of settlement that property was lost to foreclosure. While the loss of an asset may, in some circumstances, amount to a substantial change in circumstances, such is not the case here. During cross-examination by plaintiff’s attorney, defendant admitted that he was not paying the mortgage relating to his property for a considerable period of time before the divorce proceeding was settled. Accordingly, as argued by plaintiff, defendant cannot now argue that he was relying upon that asset when he agreed to the stipulated amount of child support. Moreover, as defendant failed to pay the mortgage on his investment property, the loss of that asset was of his own doing and therefore cannot establish the requisite change. (See Matter of Riendeau v *871 Riendeau, 95 AD3d 891 [2d Dept 2012]; see also Matter of Nieves-Ford v Gordon, 47 AD3d 936 [2d Dept 2008].) In any event this court finds the defendant’s testimony during the hearing to be not credible.
Accordingly, defendant is precluded from offering financial information, and has further failed to establish an alternative substantial change in circumstances; his application for a downward modification of his child support obligation is hereby denied.
This constitutes the decision and order of the court in relation to motion sequence No. 015. All other aspects of relief requested but not specifically addressed herein, other than defendant’s application for increased visitation, are hereby denied. Defendant’s application for a modification of his current parental access schedule shall be the subject of ongoing litigation before this court.

 These criminal contempt charges were consolidated and reduced. Defendant pleaded guilty to one count of harassment pursuant to Penal Law § 240.26 and one count of disorderly conduct pursuant to Penal Law § 240.20.