■ BROOKWOOD COMPANIES, INC., Appellant, v ALSTON & BIRD LLP et al., Respondents. [49 NYS3d 10]—

---

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about September 30, 2015, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff (Brookwood) is the former client of defendants (A&B) and this is an action for legal malpractice and other causes of action. The parties' dispute arises from an underlying patent infringement lawsuit that was brought against Brookwood in connection with work undertaken on behalf of the United States government (patent action).

A focal point of this appeal is Brookwood's claim that A&B, in the patent action, negligently litigated defenses that were available to Brookwood pursuant to 28 USC § 1498. 28 USC § 1498 provides that when a patent is infringed for the benefit of the United States government, the patent holder's remedy is against the United States in the United States Court of Federal Claims. Brookwood alleges that had A&B not been negligent, the motions that A&B eventually brought based on 28 USC § 1498 would have been granted and Brookwood would have avoided the approximately $10 million it expended on defending itself at trial and on appeal. Important in this analysis is the fact that Brookwood ultimately prevailed in the underlying patent action, achieving a judgment of noninfringement. The theory of Brookwood's malpractice case is not that but for A&B's negligence it would have prevailed in the patent action; rather Brookwood's claim is that but for the manner in which A&B interposed the defenses available to Brookwood under 28 USC § 1498, Brookwood would have prevailed without incurring the additional legal fees it expended. In other words, but for A&B's negligence, Brookwood could have achieved the same result more expeditiously and economically. The Supreme Court granted A&B's motion and dismissed the complaint in its entirety, holding, among other things, that the allegations did not support a finding of attorney negligence or of proximate cause. We now affirm.

28 USC § 1498 (a)[1] authorizes government contractors to infringe on United States patents when providing goods and services for the government to the government's specifications.

---

1. In its entirety, 28 USC § 1498 (a) provides as follows: "Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of

In those circumstances, the federal government waives immunity from suit, allowing the patent holder to sue it for any resulting infringement (*Madey v Duke Univ.*, 413 F Supp 2d 601, 606 [MD NC 2006]; *see also Windsurfing Intl., Inc. v Ostermann*, 534 F Supp 581, 587 [SD NY 1982]).

In 2006, the federal government solicited bids for production and delivery of cold-weather clothing for use by the military. At a presolicitation conference, Brookwood informed the government that it believed that compliance with the government's specifications for such garments could infringe on patents held by nonparty Nextec Applications, Inc. (Nextec). The government ultimately changed its specifications, but before doing so, a government specialist stated in an email to Brookwood that the government's standard patent infringement indemnity clause would be included in the contract stating, in sum and substance, that the government authorizes and consents to the use of any patented invention in fulfillment of its contracts (*see* 48 CFR 52.227-1 [a]). The government contract was ultimately awarded to Atlantic Diving Supply (ADS) and Brookwood was approved as ADS's subcontractor, responsible for manufacturing and supplying to ADS the fabric needed to fulfill the contract with the government. The contract provision identified in the government specialist's email was not included in the government's contract with ADS.

For a number of years preceding any of these events, Brookwood had hired A&B to perform nonlitigation intellectual property services, including preparing noninfringement opinions, the subject of which were some of the patents held by Nextec. After Nextec commenced the patent action, Brookwood retained A&B to defend it, specifically because of its pre-litigation familiarity with those patents. Brookwood now claims that had A&B disclosed that there was the potential for the attorney-client and/or work product privilege to be waived if the noninfringement opinions were used in the patent action, Brookwood would not have retained the firm.

Nextec commenced the patent action against Brookwood in the Southern District of New York, alleging patent infringement and asserting both product and method claims (*Nextec Applications Inc. v Brookwood Cos.*, US Dist Ct, SD NY, No. 07-CV-6901). The product claims pertained to the tangible aspects of Brookwood's manufacture of the fabric, whereas the method claims alleged infringement of Nextec's know-how or

Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture."

process used to apply a coating that gave fabrics their breathable, water-resistant characteristics.[2]

A&B filed an answer on Brookwood's behalf, which included a defense under 28 USC § 1498. It then brought two successive motions for partial summary judgment, each approximately one year apart. The first motion, made in June 2008, was made only after Nextec had narrowed its claims, for purposes of expert discovery. In the first motion, A&B sought dismissal under 28 USC § 1498, but limited only to Nextec's production claims against Brookwood's manufacture and sale of fabrics. In its January 6, 2009 order, the Southern District granted the motion in part, dismissing all claims related to fabrics Brookwood manufactured for ADS for eventual delivery to the federal government. The motion was, however, denied to the extent that Nextec raised issues of fact regarding whether some of the fabric Brookwood had delivered to ADS might have made its way into the marketplace and been made available to the general public.

Following the close of expert discovery related to the remaining claims, Brookwood moved for summary judgment as to the method claims in the complaint. Nextec separately moved for partial summary judgment at the time. A&B argued on behalf of Brookwood that Nextec's patents were invalid and/or that the methods used by Brookwood did not infringe on any of Nextec's patents. Alternatively, A&B argued that the claims should be dismissed pursuant to 28 USC § 1498 (a) because Brookwood's infringement of Nextec's patents was necessary in order to comply with the government's specifications for the weatherproof garments. In its March 31, 2010 decision, the Southern District Court dismissed 7 of the 10 method claims (*see Nextec Applications v Brookwood Cos., Inc.*, 703 F Supp 2d 390, 415 [SD NY 2010]). It denied, however, that part of Brookwood's motion made pursuant to 28 USC § 1498 (a) as "premature" because it was at least plausible for a jury to conclude that it was not necessary to infringe on the patents to fulfill the government contracts, while at the same time concluding the Brookwood did infringe on these two patents (*id.*). Only if infringement was "necessary" for Brookwood to fulfill its obligations to the government, would 28 USC § 1498 (a) then require a nonmerits dismissal of the case from the District Court (*id.*).

Brookwood subsequently discharged A&B and went to trial represented by its new attorneys. Brookwood successfully

---

2. *In re Kollar* (286 F3d 1326, 1332 [Fed Cir 2002]) contains a detailed explanation of the legal distinction between product and method (a) claims.

obtained a judgment of noninfringement, which Nextec unsuccessfully appealed. Nextec then brought an action against the United States in the Court of Federal Claims, asserting the same claims that Brookwood had successfully defended in the Southern District Court (*Nextec Applications, Inc. v United States*, 114 Fed Cl 532, 534 [2014]). There is no dispute that Nextec had the right to reassert those same claims against the United States government in the Court of Federal Claims (*Richmond Screw Anchor Co. v United States*, 275 US 331, 343 [1928]), and Brookwood intervened in that action. Nextec eventually voluntarily dismissed that action with prejudice. This litigation ensued.

To sustain its cause of action for legal malpractice, Brookwood must show that A&B "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that [A&B's] breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 49 [2015] [internal quotation marks omitted]). An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if "but for" the attorney's negligence "the plaintiff would have succeeded on the merits of the underlying action" (*AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). Here, the issue is not "success," but whether absent A&B's alleged negligence, Brookwood would have sustained the expense of having to proceed to trial and further defend Nextec's claims against it (*Dombrowski v Bulson*, 19 NY3d 347 [2012]).

Although Brookwood admits that any argument regarding the timing or bifurcation of A&B's motions in the patent action is a "red herring," Brookwood explains in its brief that the crux of its malpractice claim pertains to the second summary judgment motion that A&B made with respect to the methods causes of action. Brookwood claims that A&B failed to include evidence required to establish the statutory defense under 28 USC § 1498 (a), although that evidence existed and was readily accessible. Brookwood contends that A&B could "easily" have proved that infringement of Nextec's methods patents was necessary by submitting an affidavit from one of Brookwood's own engineers attesting to the fact that other than the method utilized by Brookwood, there were no other known noninfringing methods of complying with the Government's specifications. Instead, A&B relied upon what it considered an admission by Nextec's engineer of that fact, a strategy that Brookwood contends doomed the motion to failure. The

Southern District Court, however, accepted at "face value" Nextec's representation that it did not concede the issue of necessity, and denied A&B's motion because Nextec had made a showing of lack of necessity (703 F Supp 2d at 435). Given that Nextec did not concede the issue of necessity and vigorously opposed it, Brookwood's claim that a favorable affidavit from its own engineer would have made a difference in the disposition of the motion is, at best, unduly speculative. Significantly, an admission of infringement in connection with a necessity defense would have undercut Brookwood's alternative argument that it had not, in fact, infringed on Nextec's patents.

Decisions regarding the evidentiary support for a motion or the legal theory of a case are commonly strategic decisions and a client's disagreement with its attorney's strategy does not support a malpractice claim, even if the strategy had its flaws. "[A]n attorney is not held to the rule of infallibility and is not liable for an honest mistake of judgment where the proper course is open to reasonable doubt" (*Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1st Dept 1990]). Moreover, an attorney's selection of one among several reasonable courses of action does not constitute malpractice (*see Rosner v Paley*, 65 NY2d 736, 738 [1985]; *Rodriguez v Lipsig, Shapey, Manus & Moverman, P.C.*, 81 AD3d 551, 552 [1st Dept 2011]). Brookwood has not alleged facts supporting its claim that A&B's evidentiary decision, to rely on Nextec's expert, rather than compromise the merits of Brookwood's position on other arguments, was an unreasonable course of action.

Other hindsight arguments concerning the nature and quality of the evidence supporting the second summary judgment motion in the patent action fare no better. There is no factual basis to conclude that the governmental email to Brookwood about the inclusion of a broad patent infringement indemnity clause would have changed the outcome of the motion because the clause never made its way into the government's contract with ADS. Nextec's attorney's letter stating that Brookwood necessarily infringed on Nextec's patents is hearsay. Not only was it apparently sent by the attorney after the underlying lawsuit had been commenced, it was not based upon any personal knowledge. Thus, Brookwood's negligence claim is wholly speculative and "depend[s] on too many uncertainties" to support a conclusion that there would have been a more favorable, that is quicker, outcome in the underlying litigation (*Estate of Feder v Winne, Banta, Hetherington, Basralian & Kahn, P.C.*, 117 AD3d 541, 542 [1st Dept 2014]; *Sherwood*

*Group v Dornbush, Mensch, Mandelstam & Silverman*, 191 AD2d 292, 294 [1st Dept 1993]). Having prevailed in the underlying patent action and having otherwise failed to plead negligence, Brookwood has also failed to show that its litigation expenditures were damages proximately caused by A&B's alleged negligence (*see e.g. Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 443 [2007]).

In support of its Judiciary Law § 487 (1) claim, Brookwood alleges that A&B was deceitful by inducing Brookwood to retain it as its litigation counsel. Brookwood claims such deceit was perpetuated a number of ways. One way was by A&B failing to disclose that the Nextec-related patent noninfringement opinions A&B had prepared could not be used in the patent action to defend Brookwood against claims that it had acted willfully. Brookwood maintains that the reason A&B did not use them was that it would have resulted in the waiver of the attorney-client privilege. Brookwood also claims that the reason A&B litigated the patent action in the manner it did was to ensure that the case would continue, essentially "churning" the case for A&B's own pecuniary gain. The motion court properly dismissed the Judiciary Law § 487 claim because there are insufficient facts from which to conclude that A&B intentionally deceived Brookwood, or that A&B otherwise acted so egregiously that Judiciary Law § 487 was violated (*Agostini v Sobol*, 304 AD2d 395, 396 [1st Dept 2003]; *Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1, 13 [1st Dept 2008], *lv denied* 12 NY3d 715 [2009]). Brookwood's arguments that A&B could not use its noninfringement opinions in the patent litigation because it would have waived the attorney-client privilege is incorrect as a matter of law. *In re Seagate Tech., LLC* (497 F3d 1360, 1374 [Fed Cir 2007], *cert denied* 552 US 1230 [2008])[3] held that the assertion of an advice of counsel defense in a patent infringement action does not automatically constitute a waiver of the attorney-client privilege. We recognize that the opinion of counsel "may be relevant to the issue of willful infringement, for timely consultation with counsel may be evidence that an infringer did not engage in objectively reckless behavior" (*Aspex Eyewear Inc. v Clariti Eyewear, Inc.*, 605 F3d 1305, 1313 [Fed Cir 2010]). Even if the issue of attorney-

---

**3.** In re Seagate Tech., LLC has been abrogated on other grounds by the United States Supreme Court's recent decision in *Halo Electronics, Inc. v Pulse Electronics, Inc.* (579 US —, 136 S Ct 1923 [2016]) wherein the Court rejected as "unduly rigid" *Seagate's* test to determine whether to award enhanced damages (*PPC Broadband, Inc. v Corning Optical Communications RF, LLC*, 2016 WL 3365437, *5, 2016 US Dist LEXIS 78408, *16 [ND NY, June 16, 2016, No. 5:11-cv-761 (GLS/DEP)]).

client waiver was open to dispute, it had no bearing in the patent action because willfulness was never reached. Thus, the facts alleged do not support a finding of an intent to deceive or a chronic and extreme pattern of legal delinquency causing damages to Brookwood (*Wailes v Tel Networks USA, LLC*, 116 AD3d 625, 625-626 [1st Dept 2014]).

The breach of fiduciary duty cause of action was properly dismissed because it is duplicative of the legal malpractice claim. It is based on the same facts and allegations as the legal malpractice cause of action (*see e.g. Bernard v Proskauer Rose, LLP*, 87 AD3d 412, 416 [1st Dept 2011]). Brookwood has abandoned its breach of contract cause of action.

We have examined Brookwood's other arguments and find them unavailing. Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.