■ LAUREN BRENNER et al., Appellants, v REISS EISENPRESS, LLP, et al., Respondents. [63 NYS3d 238]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about August 11, 2016, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, the motion denied with respect to the breach

of contract and breach of fiduciary duty claims, and otherwise affirmed, without costs.

In this action commenced by plaintiffs against defendants based on defendants' representation of plaintiffs in an underlying federal court action, dismissal of the legal malpractice claim was proper since the claim rested on retrospective complaints about the outcome of defendants' strategic choices and tactics, without any facts cited to support a claim that the choices were unreasonable (*see Kassel v Donohue*, 127 AD3d 674 [1st Dept 2015], *lv dismissed* 26 NY3d 940 [2015]; *Dweck Law Firm v Mann*, 283 AD2d 292 [1st Dept 2001]). The failure to anticipate the trial court's evidentiary rulings with respect to the expert report does not establish negligence (*see Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied* 552 US 1257 [2008]).

However, the breach of contract and breach of fiduciary duty claims should be reinstated. They are based on billing issues and are not duplicative of the claims regarding the alleged mishandling of the trial (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 8 [1st Dept 2008]).

The court correctly concluded that the action was timely based on the continuous representation doctrine. It was undisputed that defendants' filed a memorandum of law on plaintiffs' behalf on November 7, 2011, which was less than three years prior to the filing of the complaint. Concur— Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.