Weiser v Citigroup, Inc. (2019 NY Slip Op 06440)





Weiser v Citigroup, Inc.


2019 NY Slip Op 06440


Decided on September 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 3, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9099 655851/16

[*1]Frank M. Weiser, et al., Plaintiffs-Appellants,
v
Citigroup, Inc., et al., Defendants-Respondents, Susanne Strows, et al., Defendants.


Law Office of David R. Lurie, PLLC, Brooklyn (David R. Lurie of counsel), for appellants.
Hughes Hubbard & Reed LLP, New York (Marc A. Weinstein of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 3, 2018, which, insofar as appealed from as limited by the briefs, granted defendants Citigroup, Inc., Citibank, N.A., Citi Private Bank, Citicards, and Citicorp Credit Services, Inc. (USA)'s motion to dismiss the causes of action for conversion and money had and received as against Citicorp Credit Services (Citi Credit) and the causes of action for breach of contract and violations of Uniform Commercial Code (UCC) 4-401 as against Citibank, N.A. (Citibank), unanimously affirmed, without costs.
Plaintiffs allege that their long-time bookkeeper, defendant Susanne Strows, perpetrated a fraud against them over a period of seven years, presenting checks drawn on their checking account with Citibank to plaintiff Dr. Weiser for signature, representing that the checks were for the payment of business expenses, and later altering the checks to add her own personal credit card account number, and using the checks to pay her own credit card bills. Plaintiffs allege that, because of the trust that Dr. Weiser reposed in Strows, this fraud went undetected until February 2016, when Citibank's representatives reported it to Dr. Weiser in person.
Citibank's actual knowledge of the fraud in February 2016 is, at this pleading stage, enough to sustain the claim of commercial bad faith that would render Citibank ineligible for the protection of UCC 3-405(1)(c) (see Getty Petroleum Corp. v American Express Travel Related Servs. Co., 90 NY2d 322, 331-32, [1997]; Prudential-Bache Sec. v Citibank, 73 NY2d 263, 275, [1989]), i.e., the "fictitious payee" or "padded payroll" defense (Getty, 90 NY2d at 325, 329).
However, UCC 3-405(1)(c) bars plaintiffs' claims against Citi Credit. Nowhere in any of their papers — either the complaint or Dr. Weiser's opposition affidavit — do plaintiffs allege other than conclusorily that Citi Credit, like Citibank a subsidiary of defendant Citigroup, Inc., had actual knowledge of the fraud. Plaintiffs acknowledge in the complaint that Citibank and Citi Credit, while affiliates, are separate corporate entities. The fact that Strows's employer paid her credit card bills, even for years, does not alone establish that Citi Credit, which performed credit card services for Citigroup, had the requisite "actual knowledge" to fall within the commercial bad faith exception to UCC 3-405(1)(c) (see e.g. Hartford Acci. & Indem. Co. v American Express Co., 74 NY 2d 153, 163 [1989]).
Although plaintiffs' claims against Citibank are not barred by UCC 3-405(1)(c), they are barred by plaintiffs' failure to satisfy a condition precedent to suit created by UCC 4-406(4) and Citibank's checking account rules and regulations as set forth in its CitiBusiness Client Manual (see Clemente Bros. Contr. Corp. v Hafner-Milazzo, 23 NY3d 277 [2014]; Gluck v JPMorgan Chase Bank, 12 AD3d 305, 306 [1st Dept 2004]; Josephs v Bank of N.Y., 302 AD2d 318, 318 [1st Dept 2003]). Plaintiffs failed, as required by the manual, to "notify us [Citibank] in writing within 30 days after we send or make available to you [plaintiffs] your account statement and [*2]accompanying items of any errors, discrepancies, or unauthorized transactions." The manual warned that this failure would result in Citibank's not being liable "for debits or charges to your account resulting from such errors, discrepancies, or lack of authorization, or for losses resulting from subsequent related occurrences." The last disputed check was issued in February 2016. Although, as the complaint alleges, Dr. Weiser told the Citibank representatives in his office on February 5, 2016 that none of the checks used to pay Strows's credit card bills were "properly payable," plaintiffs did not notify Citibank in writing that the checks were unauthorized until July 2016, more than 30 days after the last relevant statement and accompanying items had become available to them.
Contrary to plaintiffs' contention that Citibank failed to provide account statements that contained information sufficient to enable a vigilant customer to detect wrongdoing, the documentary evidence demonstrates that, together with the account statements, Citibank regularly forwarded to plaintiffs copies of the cancelled checks, which showed Strows's personal credit card number written on the "re:" line. The cases on which plaintiffs rely are distinguishable, as the courts in those cases did not find as a matter of law that the account statements and returned checks contained sufficient information to enable the depositors to detect wrongdoing (see Arrow Bldrs. Supply Corp. v Royal Natl. Bank of N.Y., 21 NY2d 428 [1968]; Key Appliance v National Bank of N. Am., 75 AD2d 92 [1st Dept 1980]).
Plaintiffs contend that, in light of its actual knowledge of Strows's fraud, Citibank should be estopped to raise the UCC 4-406 bar to their suit. However, as indicated, the record demonstrates that, far from concealing the fraud, Citibank gave
plaintiffs all the documentation they needed to discover it.
The Decision and Order of this Court entered
herein on April 25, 2019 (117 AD3d 629 [1st
Dept 2019] is hereby recalled and vacated
(see M-2879 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 3, 2019
CLERK