Hudson Yards LLC v Segal (2020 NY Slip Op 06353)





Hudson Yards LLC v Segal


2020 NY Slip Op 06353


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 158606/14 Appeal No. 12270 Case No. 2019-4306 

[*1]Hudson Yards LLC, Plaintiff, Baruch Singer, Plaintiff-Appellant,
v
David C. Segal et al., Defendants, Douglas Segal, Defendant-Respondent.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success (Matthew F. Didora of counsel), for appellant.
Herrick, Feinstein LLP, New York (Avery S. Mehlman of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered April 17, 2019, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
To recover damages for legal malpractice, the plaintiff must establish that the attorney (1) "failed to exercise that degree of care, skill and diligence commonly possessed and exercised by a member of the legal community" and (2) that "such negligence was a proximate cause of the loss in question" (Barbara King Family Trust v Voluto Ventures LLC, 46 AD3d 423, 424 [1st Dept 2007]). The IAS court properly held that defendants met their prima facie burden of entitlement to summary judgment on the issues of negligence and proximate causation, and that plaintiff, in opposition, failed to raise a triable issue of fact.
The evidence submitted with the motions establishes that plaintiff and nonparty Fortress Credit Corp. (Fortress) did not privately come to a final settlement agreement, whether oral or otherwise, prior to the foreclosure sale. At most, plaintiff and Fortress agreed to some proposed settlement terms outside of defendant counsel's presence. As there was no admissible evidence showing that plaintiff had entered into a settlement agreement with Fortress prior to the sale, plaintiff's claim that defendants failed to advise him that the alleged settlement agreement was unenforceable fails.
In any event, the IAS court properly found that defendants' advice to plaintiff regarding the sale was reasonable, even if they did not specifically advise him that the proposed agreement was unenforceable (see Brookwood Cos., Inc. v Alston & Bird LLP, 146 AD3d 662, 667 [1st Dept 2017]). As the IAS court found, defendants' decision to preserve the ability to reach a favorable settlement, while at the same time continuing to pursue its strategy of fighting a deficiency judgment on valuation in the event that settlement could not be reached, was an inherently reasonable one. Plaintiff's hindsight criticism of this strategy does not support his malpractice claim (see Brenner v Reiss Eisenpress, LLP, 155 AD3d 437, 438 [1st Dept 2017]).
Finally, plaintiff has failed to raise an issue of fact surrounding proximate cause. As the IAS court found, the allegations underlying plaintiff's malpractice claim were couched in terms of "gross speculations" about future events, without the requisite factual basis to support the allegation (see Phillips-Smith Specialty Retail Group II v Parker Chapin Flattau & Klimpl, 265 AD2d 208, 210 [1st Dept 1999], lv denied 94 NY2d 759 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020