Ackerman v Nathan L. Dembin & Assoc., P.C. (2021 NY Slip Op 03108)





Ackerman v Nathan L. Dembin & Assoc., P.C.


2021 NY Slip Op 03108


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 156231/17 Appeal No. 13834 Case No. 2020-05014 

[*1]Paul Ackerman, M.D., Plaintiff-Appellant,
v
Nathan L. Dembin & Associates, P.C. et al., Defendants-Respondents.


Andrew Lavoott Bluestone, New York, for appellant.
O'Toole Scrivo, LLC, New York (Young Yu of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 22, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
To recover damages for legal malpractice, the plaintiff must establish that the attorney (1) "failed to exercise that degree of care, skill and diligence commonly possessed and exercised by a member of the legal community" and (2) that "such negligence was a proximate cause of the loss in question" (Barbara King Family Trust v Voluto Ventures LLC, 46 AD3d 423, 424 [1st Dept 2007] ). The evidence submitted with the motion establishes that defendants' advice to plaintiff to enter into a consent order to resolve the charges against him was reasonable (see Brookwood Cos., Inc. v Alston & Bird LLP, 146 AD3d 662, 667 [1st Dept 2017]), and plaintiff has failed to raise an issue of fact surrounding proximate cause (see Hudson Yards LLC v Segal, 188 AD3d 419 [1st Dept 2020]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021